

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR–12–950

| | | |
|---|---|---|
| THOMAS RAINEY | APPELLANT | **Opinion Delivered** May 27, 2015 |
| V. | | APPEAL FROM THE DALLAS COUNTY CIRCUIT COURT [NO. CR–2010-26-4] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE DAVID S. CLINGER, JUDGE |
| | | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

## BART F. VIRDEN, Judge

A Dallas County jury found appellant Thomas Rainey guilty of possession of cocaine with intent to deliver and possession of drug paraphernalia. He was sentenced as a habitual offender to an aggregate term of forty years' imprisonment. On appeal, he argues that (1) the trial court erred in denying his motions to suppress physical evidence and an incriminating statement, (2) the confidential informant's "legal status" in providing information to officers was relevant to determining whether they had probable cause to stop the vehicle in which he was a passenger, and (3) he was denied his right to confront the confidential informant. We cannot reach the merits of Rainey's arguments at this time; we remand to settle and supplement the record and order rebriefing due to deficiencies in Rainey's abstract and addendum.



## I. *Addendum*

Arkansas Supreme Court Rule 4–2(a)(8)(A) (2014) provides that the addendum must include, among other things, the pleadings, all motions concerning the order, jury verdict forms, the order from which the appeal is taken, all notices of appeal, any postjudgment motion that may have tolled the time for appeal, any motion to extend or order extending the time for filing the record on appeal, and any other pleading or document in the record that is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal.

The only notice of appeal in Rainey's addendum is an amended notice of appeal indicating that he is appealing from a sentencing order entered June 1, 2012; an amended sentencing order entered June 6, 2012; and an order regarding posttrial motions, along with a second amended sentencing order, both of which were entered July 11, 2012. It does not appear as though Rainey's arguments on appeal pertain to the trial court's order denying his motion for new trial and motion to set aside the verdict; neither of these motions is in the record, yet they are relevant to the timeliness of his amended notice of appeal and are therefore necessary for this court to determine its jurisdiction. We remand to settle and supplement the record with the original notice of appeal and the posttrial motions.

Counsel acknowledges that her addendum is missing other necessary documents, including the felony information, amended and second amended felony information, motion to suppress a statement, motion to suppress evidence, order denying motions to suppress, and the verdict forms. This is not an exhaustive list, and we urge counsel to ensure that no other

deficiency exists. We order the record to be settled and supplemented with all omitted material necessary to comprise a complete and accurate record on appeal. The certified record must be filed within thirty days of this opinion.

## II. *Abstract*

All material parts of all hearing transcripts must be abstracted. Ark. Sup. Ct. R. 4-2(a)(5)(A). Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Ark. Sup. Ct. R. 4-2(a)(5). It is well settled that an appellant must raise an argument below and obtain a ruling to preserve the issue for appellate review. *Miller v. State*, 2015 Ark. App. 117, ___ S.W.3d ___. We encourage counsel to ensure that her arguments on each point of appeal, along with the trial court's rulings, appear in the abstract.

## III. *Conclusion*

After the certified record has been filed, Rainey will have fifteen days within which to file a substituted abstract, addendum, and brief correcting any deficiencies. Ark. Sup. Ct. R. 4-2(b)(3). We encourage counsel to carefully examine the record and review our rules before resubmitting her brief. Once Rainey's substituted brief has been filed, the State will be afforded an opportunity to revise or supplement its brief in the time prescribed by the clerk.

Remanded to settle and supplement the record; rebriefing ordered.

GLADWIN, C.J., and HIXSON, J., agree.

*Teresa Bloodman*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.