

Cite as 2016 Ark. App. 505

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–12–950

| | | |
|---|---|---|
| | | Opinion Delivered: OCTOBER 26, 2016 |
| THOMAS RAINEY | APPELLANT | APPEAL FROM THE DALLAS COUNTY CIRCUIT COURT [NO. 20CR-10-26] |
| V. | | |
| | | HONORABLE DAVID CLINGER, JUDGE |
| STATE OF ARKANSAS | APPELLEE | REBRIEFING ORDERED; COUNSEL SUBSTITUTED |

**KENNETH S. HIXSON, Judge**

Appellant Thomas Rainey appeals after a Dallas County jury found him guilty of possession of cocaine with intent to deliver and possession of drug paraphernalia. He was sentenced to an aggregate term of 480 months' imprisonment. Appellant lists four points on appeal in his substituted brief: (1) the trial court erred in denying his motion to suppress evidence; (2) the trial court erred in denying his motion to suppress statements; (3) whether "the legal status of a confidential informant in providing information to officers is relevant to the determination of the officers['] conclusion of probable cause to stop a vehicle, even though the officers articulated another reason for effectuating the stop"; and (4) he was denied the right to confront the confidential informant. Because of briefing deficiencies, we previously ordered rebriefing. *See Rainey v. State*, 2015 Ark. App. 341. Although appellant has filed a substituted brief, the brief is still deficient, and appellant has failed to

correct the deficiencies identified in our previous order. Therefore, we order rebriefing again and appoint substituted counsel.

Arkansas Supreme Court Rule 4–2(a)(5) (2015) provides in pertinent part,

(5) Abstract. The appellant shall create an abstract of the material parts of all the transcripts (stenographically reported material) in the record. Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal.

> (A) Contents. All material information recorded in a transcript (stenographically reported material) must be abstracted. Depending on the issues on appeal, material information may be found in, for example, counsel's statements and arguments, voir dire, testimony, objections, admissions of evidence, proffers, colloquies between the court and counsel, jury instructions (if transcribed), and rulings. All material parts of all hearing transcripts, trial transcripts, and deposition transcripts must be abstracted, even if they are an exhibit to a motion or other paper. Exhibits (other than transcripts) shall not be abstracted. Instead, material exhibits shall be copied and placed in the addendum. If an exhibit referred to in the abstract is in the addendum, then the abstract shall include a reference to the addendum page where the exhibit appears.

> (B) Form. The abstract shall be an impartial condensation, without comment or emphasis, of the transcript (stenographically reported material). The abstract must not reproduce the transcript verbatim. No more than one page of a transcript shall be abstracted without giving a record page reference. In abstracting testimony, the first person ("I") rather than the third person ("He or She") shall be used. The question–and–answer format shall not be used. In the extraordinary situations where a short exchange cannot be converted to a first-person narrative without losing important meaning, however, the abstract may include brief quotations from the transcript.

We previously encouraged appellant's counsel "to ensure that her arguments on each point of appeal, along with the trial court's rulings, appear in the abstract." *Rainey*, 2015 Ark. App. 341, at 3. Instead of following this court's directive, counsel noted the following on pages 19 and 21 of the supplemental abstract:

SLIP OPINION

Thereafter the attorneys made closing arguments. (<u>Arguments omitted since brief addresses the same arguments</u>)

. . . .

WHEREUPON THE ATTORNEYS MADE CLOSING ARGUMENTS (OMITTED AS ARGUMENTS INCLUDED IN BRIEF)

In order for us to address the merits of appellant's points on appeal, we must have a brief that includes an abstract of the proceedings necessary for this court's understanding of the issues on appeal, including the relevant oral arguments and oral rulings of the trial court.

Additionally, we note that there are at least two pages missing in appellant's addendum, specifically, pages 95 and 97. Page 97 should contain the second page of appellant's second amended sentencing order and is required for our review. *See* Ark. Sup. Ct. R. 4-2(a)(8)(A)(i) (providing that the addendum must include the order from which the appeal is taken and all versions of the order (however named) being challenged on appeal if the court amended the order). Thus, rebriefing is required in this case.

However, we note that appellant's counsel, Ms. Teresa L. Bloodman, has recently been placed on interim suspension pending disbarment proceedings. Therefore, we find it necessary to remove Ms. Bloodman and to appoint Mr. Jonathan Streit to represent appellant in his appeal, and the clerk of this court shall establish a new briefing schedule. We additionally direct the clerk to forward a copy of this opinion to the Arkansas Supreme Court Committee on Professional Conduct. Finally, we encourage substituted counsel to review our rules to ensure that no additional deficiencies are present before submitting a substituted brief in this appeal.

Rebriefing ordered; counsel substituted.

GLOVER and HOOFMAN, JJ., agree.

*Teresa Bloodman*, for appellant.

*Dustin McDaniel*, Att'y Gen., by:  *Laura Shue*, Ass't Att'y Gen., for appellee.