
# ARKANSAS COURT OF APPEALS

EN BANC
No. CR–12–950

| | | |
|---|---|---|
| THOMAS RAINEY | | Opinion Delivered: NOVEMBER 30, 2016 |
| | APPELLANT | APPEAL FROM THE DALLAS COUNTY CIRCUIT COURT [NO. 20CR-10-26] |
| V. | | |
| | | HONORABLE DAVID CLINGER, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | MOTION STRICKEN |

## PER CURIAM

Ms. Teresa Bloodman, appellant's former attorney, tendered a motion requesting this court to reconsider our recent opinion in this case. *See Rainey v. State*, 2016 Ark. App. 505. Although Ms. Bloodman alleges that our opinion removed her from this case because of briefing deficiencies, we removed her because she had recently been placed on interim suspension pending disbarment proceedings and was, therefore, currently prohibited from practicing law. *Id.* Thus, we appointed Mr. Jonathan Streit to represent appellant in this case, to correct the briefing deficiencies noted, and to submit a substituted brief in this appeal. *Id.*

A person who is not a licensed attorney may not practice law in Arkansas *Abel v. Kowalski*, 323 Ark. 201, 913 S.W.2d 788 (1996). In *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002), our supreme court held that where a party not licensed to practice law in this state attempts to represent the interest of others by submitting himself or herself to

the jurisdiction of the court, those actions, such as filing pleadings, are rendered a nullity. Thus, because Ms. Bloodman is currently unauthorized to practice law, has been removed from this case, and is, therefore, prohibited from representing appellant, we must strike this motion as a nullity. *See Abel*, *supra*.

Motion stricken.

VIRDEN, J., not participating.