SLIP OPINION

Cite as 2015 Ark. App. 12

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–14–579

| | |
|---|---|
| KHIRY DAUSHON NICHOLS<br>APPELLANT | **Opinion Delivered** JANUARY 14, 2015 |
| V. | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. CR–2013-1076-1] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE WILLIAM A. STOREY, JUDGE |
| | MOTION TO WITHDRAW DENIED; REBRIEFING AS A MERIT APPEAL ORDERED |

**DAVID M. GLOVER, Judge**

On June 28, 2013, Khiry Nichols was charged as an accomplice to the offenses of aggravated robbery and first-degree battery. He was born in 1996, was sixteen years old at the time the offenses were committed, and, as the trial court noted at the hearing, his IQ was determined to be 66. On February 13, 2014, he filed a motion to transfer this matter to juvenile court or, alternatively, to extend juvenile jurisdiction. Following a hearing on March 6, 2014, the trial court entered an order on April 8, 2014, denying the motion and setting forth its findings of fact. Nichols pursued an interlocutory appeal of the denial of the motion. His counsel has filed a motion to be relieved pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, explaining that the appeal is without merit. The motion is accompanied by an abstract,

addendum, and brief concerning the proceedings related to the motion to transfer. Counsel explains in the brief that the only ruling adverse to Nichols was the denial of the motion to transfer itself and contends that there is nothing in the record that would arguably support an appeal.

On September 5, 2014, the clerk of this court sent a copy of counsel's brief and motion to withdraw to Nichols's last known address and informed him of his right to file a pro se statement of points for reversal within thirty days. No such points have been submitted by him. The packet was not returned, and after a review of the United States Postal Service tracking system, the clerk of our court determined that the packet was delivered on September 10, 2014.

Following our review of the record in this case, we are not convinced that the appeal would be so wholly without merit as to satisfy the requirements of *Anders*, *supra*, and our Rule 4-3(k). Moreover, this matter comes to us as an interlocutory appeal, and, consequently, we would not grant the motion to withdraw even if we had determined that an appeal of the trial court's April 8, 2014 order would be wholly without merit because Nichols is still facing trial—as an adult—on the charges against him. Inasmuch as no trial, or direct appeal in the event of a conviction, has yet occurred, the case is not finished. We therefore conclude that the motion to be relieved must be denied and that the case must be returned to counsel for rebriefing as a merit case in this interlocutory appeal. If counsel believes he has other grounds to withdraw, he may petition the trial court for such relief.

In deciding this case as we have, we want to emphasize that our decision to order rebriefing as a merit case does not forecast the outcome of the appeal. It does, however, make clear that counsel will not be accused of filing a frivolous appeal. As examples only, some of the factors present in this case that prevented us from concluding that an appeal would be wholly without merit include the following: 1) although the trial court noted Nichols's IQ score (66) at the hearing, which was based on a lengthy forensic evaluation that also concluded he had a mental defect, neither his IQ nor the report was mentioned in the trial court's order denying the transfer; 2) the robbery was instigated by two persons who were older than Nichols, with Nichols joining the offense, but at age sixteen Nichols's role in the escapade was that of follower, not leader; 3) Nichols had a prior juvenile history, but this was his first violent offense; and 4) the licensed social worker from the juvenile detention center recommended that Nichols continue with the juvenile court program. Again, the listing of these factors does not dictate how counsel should structure a merit brief nor does it guarantee any appellate outcome; the factors merely demonstrate why we were not able to conclude that an appeal in this case would be so wholly without merit as to subject counsel to possible ethical repercussions for filing a frivolous appeal.

Motion to withdraw denied; rebriefing as a merit appeal ordered.

GRUBER and HIXSON, JJ., agree.

*Wallace, Martin, Duke and Russell, PLLC*, by: *Valerie L. Goudie*, for appellant.

No response.