

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-14-591

| | |
|---|---|
| DEONTA MILLER<br>APPELLANT | Opinion Delivered FEBRUARY 25, 2015 |
| V. | APPEAL FROM THE PHILLIPS<br>COUNTY CIRCUIT COURT<br>[NO. CR-13-171] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE L. T. SIMES, JUDGE<br><br>AFFIRMED |

**BART F. VIRDEN, Judge**

On August 13, 2013, Deonta Miller was charged in Phillips County, Arkansas, with aggravated robbery and first-degree battery. Miller filed a motion to transfer his case to the juvenile division of circuit court. After a juvenile-transfer hearing, the circuit court denied the motion. Miller presents three points on appeal: 1) the circuit court erred in denying the motion to transfer, 2) Arkansas Code Annotated sections 9-27-318 and 9-27-503 are unconstitutional, and 3) the State failed to comply with discovery. We affirm.

I. *Motion to Transfer*

A. The Factors Set Forth in Arkansas Code Annotated section 9-27-318(g)

A prosecuting attorney has the discretion to charge a juvenile sixteen years of age or older in the criminal division of circuit court if the juvenile has allegedly engaged in conduct that, if committed by an adult, would be a felony. Ark. Code Ann. § 9-27-318(c)(1) (Repl. 2009). On the motion of the court or any party, the court in which the criminal charges have

been filed shall conduct a hearing to determine whether to transfer the case to another division of circuit court having jurisdiction. Ark. Code Ann. § 9-27-318(e). The defendant, as the moving party, bears the burden of proving that his or her case should be transferred to the juvenile division of circuit court. *See Magana-Galdamez v. State*, 104 Ark. App. 280, 291 S.W.3d 203 (2009). The court shall order the case transferred to another division of circuit court only upon a finding by clear-and-convincing evidence that the case should be transferred. Ark. Code Ann. § 9-27-318(h)(2). Clear-and-convincing evidence is the degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. *Lewis v. State*, 2011 Ark. App. 691. We will not reverse a circuit court's determination of whether to transfer a case unless that decision is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *Id.*

At a juvenile-transfer hearing the circuit court must consider and issue written findings on the following factors:

> (1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;
> (2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;
> (3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;
> (4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;
> (5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;

 

(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;

(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;

(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;

(9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and

(10) Any other factors deemed relevant by the judge.

Ark. Code Ann. § 9-27-318(g); *Neal v. State*, 2010 Ark. App. 744, at 6–7, 379 S.W.3d 634, 638. The circuit court does not have to give equal weight to each factor. *Id*. at 7. Our supreme court has held that although the trial court must consider all of the factors enumerated in Arkansas Code Annotated section 9-27-318 (g), it is not required to make written findings with regard to all of those factors. *Beulah v. State*, 344 Ark. 528, 42 S.W.3d 461 (2001). The extent of the written findings is not specified. *Id*. The statutory purpose is satisfied where the record shows that the trial court considered the factors in reaching the decision about whether to transfer a case or retain jurisdiction. *Jongewaard v. State*, 71 Ark. App. 269, 29 S.W.3d 758 (2000). The circuit court's failure to specifically mention certain evidence in its order does not mean that the court ignored the evidence or failed to consider it. *Beulah*, *supra*.

At the transfer hearing, Suzanne McCommon, the CEO superintendant of the Helena–West Helena Public School District, testified about Miller's poor grades from the beginning of his academic career. She testified that he had not engaged in mature thinking or behavior over the year that she had known him. She referred to Miller's four pages of disciplinary

3

actions in his school records that listed infractions relating to truancy, disorderly conduct, dress-code defiance, and insubordination. Another, separate, five-page document concerning a group fight on a school bus related to gang activity that was admitted into evidence. A document relating to Miller's expulsion for gang-related activity in the spring of 2013 was admitted into evidence. McCommon also testified about another previous expulsion in 2012, and the documentation was admitted into evidence as well. She testified about an incident involving threatening another person with bodily harm. McCommon also stated that she believed that Miller was capable of communicating, understanding communication, understanding why he was being punished, and knowing that teachers expected him to stop the behaviors he was exhibiting.

Bob Steel, a senior administrator with the Division of Youth Services (DYS), testified about services and treatment offered by the Juvenile Assessment Treatment Center that could address Miller's educational, language, and comprehension deficiencies, and how the Center offers services to teach social skills, decision-making skills, and stress-management skills. Steel testified that DYS offers instruction on defining oneself, becoming a leader, and avoiding being negatively influenced by peers. He testified that DYS offered services to help individuals acquire job skills. Steel testified that DYS could help Miller develop empathy for others and deal with the trauma of his grandmother's death. He admitted on cross-examination that his agency is not always successful and that there is no guarantee that services rendered will result in change.

Gang expert, Steve Nawojczyk, testified that DYS has programs that help at-risk kids

become successful outside of gangs and gang-related activity. He also testified that DYS teaches former gang members how to avoid going back to gangs; that DYS works with the entire family to keep the child out of gangs; and that these services would be offered to Miller if he entered DYS custody.

Miller's mother, Bernice Miller, testified about his family relationships, his friendships, and how she had handled his expulsions and various school-related problems in the past. Ms. Miller testified that her son had been traumatized by his grandmother's death and never received grief counseling. She testified that he had been in a lot of trouble over the years and that she had only contested one of the three school expulsions. At the hearing, she stated that she did not think her son was in a gang, though she was aware that he had been in fights with other students that were gang related. Ms. Miller testified that she, Deonta, and his siblings went to church together and that she thought she could help him stay out of trouble.

The State called Sergeant Dennis Cox, an investigator for the West Helena Police Department, who testified about the violent nature of the crime committed against Reverend Mondy. He testified that Mrs. Mondy told him that her husband decided they should turn around and help Willis, who was lying in the road pretending to be injured and calling for help. She testified that when she stopped the car beside Willis, she saw two armed men come from the bushes. Mrs. Mondy stated that when her husband opened the car door, he was shot in the chest. He was taken to a local hospital and then was transferred to the "Med" in Memphis. Sergeant Cox testified that co-defendant Frederick Willis stated to him that Miller and Leotarius Reed were armed and waiting in the bushes, while Frank Ross was the person

who shot Rev. Mondy. Sergeant Cox explained at the hearing that a couple of months after the incident, he interviewed Miller with his mother and attorney present and recorded this interview. In the interview, Miller stated that he was aware of and had participated in the scheme to pretend to be injured in order to rob passers-by. The State also offered the affidavit attached to the criminal information as evidence to support its assertion that the case should remain in the criminal division of circuit court. The affidavit contains much the same information that was related first-hand by Sergeant Cox.

The circuit court did not clearly err in determining that the case should not be transferred to juvenile court. There was evidence of the violent nature of the crime in the form of Mrs. Mondy's statement concerning her husband's injuries. There was evidence that Miller was armed and lay in wait for his victims. The court heard evidence of his past antisocial behavior and of his many years of behavioral problems at school. There was also evidence that programs to help kids like Miller were not always effective and that Miller's prospects for reform were not certain.

In the order denying the motion to transfer, the circuit court found:

[T]he defendant does have an extensive history of disciplinary problems while enrolled in the Helena–West Helena School District involving antisocial behavior, violence and violent group activity and/or gang activity for which he was expelled from school for three (3) consecutive years, and which is relevant to the Court's determination in this matter.

The circuit court further held that it "carefully considered all of the factors enumerated in Ark. Code Ann. § 9-27-318, giving the appropriate weight to the evidence presented, which is relevant to each of the factors." Specifically, the trial court held that it declined to transfer



the case to the juvenile division,

> based on the seriousness of the offenses charged, the violence employed, the personal injuries suffered by the victim, the Defendant's past history, the Defendant's antisocial behavior, and other behavioral factors personal to the Defendant evidencing his low prospects for rehabilitation under existing rehabilitation programs.

We affirm, and we hold that the circuit court properly considered all the factors in section 9-27-318(g) and did not clearly err in denying the transfer to the juvenile division of circuit court. The seriousness of the aggravated robbery, Rev. Mondy's injuries, and the testimony that the group planned and repeated the crime two other times during the day demonstrate the violent, premeditated, and willful manner of their actions. Though Miller did not shoot Rev. Mondy, there was evidence presented that he was armed with a rifle and that he was aware that another member of the group had a shotgun.

## B. Criminal Information and Affidavit.

We now turn to the circuit court's decision to allow the affidavit attached to the criminal information to be considered at the hearing. Miller argues that the State, "over the objection of defense, introduced the criminal information, including the charging paragraph and the affidavit for the probable cause hearing to show the nature of the allegations against the defendant." Miller asserts that it is insufficient for the circuit court to only consider the charges in the information. On this point, we affirm.

Our supreme court has held that the circuit court cannot rely solely upon allegations in the information to deny transfer of a defendant's case to juvenile court. *Thompson v. State*, 330 Ark. 746, 958 S.W.2d 1 (1997). There must be some evidence to substantiate the serious and violent nature of the charges contained in the information. *Id.* at 751, 958 S.W.2d 1, at

3. The circuit court must have a hearing in order to determine whether or not a case should be transferred to circuit court, and the minor tried as an adult. *Id.*

As set forth previously, the circuit court relied on more than just the criminal information in denying the motion to transfer. Sergeant Cox's testimony was separate from the information. He stated that he interviewed Mrs. Mondy after the robbery and that she described the details of the crime and the seriousness of her husband's injuries. Sergeant Cox testified as to the identification procedures he followed that led to the identification of Willis, who implicated Miller in the crime. Sergeant Cox recounted his interview with Miller, who admitted to participating in the scheme and described the details of the crime. Because the circuit court relied on more than just the affidavit attached to the criminal information, and because it held a meaningful hearing to determine whether transfer to the juvenile division of circuit court was appropriate, we affirm.

II. *Constitutionality of Arkansas Code Annotated sections 9-27-318 and 9-27-503*

Miller also raises the issue of whether Arkansas Code Annotated sections 9–27–318 and 9–27–503 are constitutional. The issue is not preserved for our review. The trial court did not address the constitutionality of the statutes in its order, and Miller's attorney did not seek a ruling on the issue. It is well settled that an appellant must raise an argument below and obtain a ruling to preserve the issue for appellate review. *Butler v. State*, 2011 Ark. App. 708. Our supreme court has held, "Because the circuit court did not rule on the issue of the constitutionality of Ark. Code Ann. § 5-27-303, there is nothing for this court to review on this appeal." *Smith v. State*, 363 Ark. 456, 457, 215 S.W.3d 626, 627 (2005). Likewise, we

SLIP OPINION

are barred from review in the present case.

### III. *Discovery of the Recorded Statement*

Miller asserted that the State did not provide a recorded statement that he made to Sergeant Cox the night he was arrested, April 30, 2013, in which he denied involvement in the crime. At the hearing, Miller's attorney argued that they had not received the exculpatory statement; however, no ruling was obtained on the issue. The order does not address Miller's assertion that the case should be transferred due to this alleged discovery violation. Because no ruling was obtained on the discovery issue, it is not preserved for appeal for the same reasons as stated above. *Brown v. State*, 368 Ark. 344, 246 S.W.3d 414 (2007).

We affirm.

GRUBER and GLOVER, JJ., agree.

*Amy Jackson Kell* and *Dorcy Kyle Corbin*, Arkansas Public Defender Commission, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.