SLIP OPINION

Cite as 2015 Ark. App. 282

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–14–893

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** APRIL 29, 2015 |
| Z.T. | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. 60CR-13-3443] |
| | APPELLANT | |
| V. | | HONORABLE BARRY SIMS, JUDGE |
| STATE OF ARKANSAS | | REMANDED FOR RECONSIDERATION OF JUVENILE-TRANSFER MOTION |
| | APPELLEE | |

**KENNETH S. HIXSON, Judge**

On October 21, 2013, appellant Z.T. was charged in the criminal division of circuit court with aggravated robbery and theft of property. The information alleged that these crimes were committed on September 19, 2013, which was three days prior to Z.T.'s eighteenth birthday.

On March 13, 2014, Z.T. filed a motion to transfer the case to the juvenile division of circuit court. After a juvenile-transfer hearing held on August 25, 2014, the trial court announced that Z.T.'s transfer motion was denied. On September 15, 2014, Z.T. filed a renewed motion to transfer or in the alternative for a written order detailing the reasons for denial. The trial court entered an order on September 16, 2014, denying in writing Z.T.'s motion to transfer and making written findings in support of its decision.

SLIP OPINION

Z.T. now appeals from the denial of his motion to transfer to juvenile court. Z.T. first argues that the trial court lacked jurisdiction over the case because it failed to hold a hearing on the motion within ninety days as required by the Arkansas Juvenile Code. Z.T. also argues that the trial court's denial of his transfer motion was clearly erroneous. We reject Z.T.'s first argument, but we remand for reconsideration of the transfer motion.

A prosecuting attorney has the discretion to charge a juvenile sixteen years of age or older in the criminal division of circuit court if the juvenile has allegedly engaged in conduct that, if committed by an adult, would be a felony. Ark. Code Ann. § 9-27-318(c)(1) (Repl. 2009). On the motion of the court or any party, the court in which the criminal charges have been filed shall conduct a hearing to determine whether to transfer the case to another division of circuit court having jurisdiction. Ark. Code Ann. § 9-27-318(e). The moving party bears the burden of proving that the case should be transferred to the juvenile division of circuit court. *Miller v. State*, 2015 Ark. App. 117, __ S.W.3d __. The trial court shall order the case transferred to another division of circuit court only upon a finding by clear and convincing evidence that the case should be transferred. Ark. Code Ann. § 9-27-318(h)(2). Clear and convincing evidence is the degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. *Miller, supra*. We will not reverse a trial court's determination of whether to transfer a case unless that decision is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *Id.*

2

SLIP OPINION

At a juvenile-transfer hearing the trial court is required to consider all of the following factors:

> (1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;
> (2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;
> (3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;
> (4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;
> (5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;
> (6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;
> (7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;
> (8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;
> (9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and
> (10) Any other factors deemed relevant by the judge.

Ark. Code Ann. § 9-27-318(g). The trial court shall make written findings on all of the factors set forth above, Arkansas Code Annotated section 9-27-318(h)(1), but proof need not be introduced against the juvenile on each factor, and the trial court is not required to give equal weight to each of the statutory factors in arriving at its decision. *Magana-Galdamez v. State*, 104 Ark. App. 280, 291 S.W.3d 203 (2009).

The victim, Melissa Springer, testified at the transfer hearing. Melissa stated that she was driving her Jeep at about 6:00 p.m. on September 19, 2013, when a car pulled in front

of her at a traffic light and the driver slammed on the brakes, blocking her in the lane of traffic. Appellant, Z.T., emerged from the passenger's side of the car and approached Melissa. According to Melissa, Z.T. first asked for directions and then tried to crawl over her as if he was going for her purse, which was in the passenger's seat. When Melissa tried to push him back, Z.T. said, "Don't fight, bitch," and put a gun in her face. Z.T. then reached over Melissa, grabbed her purse, and ran back to the car.

Melissa was able to get the license plate of the car as it sped away. She called the police and reported the robbery and description of the car. Later that night, the car used in the robbery was involved in an accident, and the police responded. Z.T. was one of the occupants in the car, along with other individuals including Carlton Atkins. Upon being interviewed by the police, Carlton stated that Z.T. was the person who had earlier stolen the victim's purse at gunpoint. Melissa was subsequently shown a photo lineup, and she positively identified Z.T. as the perpetrator.

Z.T.'s mother testified that Z.T. had no history of violence and had never been convicted of a crime. She acknowledged that Z.T. had previously been accused in juvenile court of residential burglary, but she stated, and the State's exhibits confirmed, that those allegations had been dismissed on the State's motion. Z.T.'s mother testified that Z.T. did not complete high school, and she described him as childish and immature. She further stated that Z.T.'s level of maturity was that of a fifteen- or sixteen-year-old, and she did not think Z.T. understood the severity of the charges against him.

Scott Tanner, the ombudsman coordinator for the Public Defender Commission, testified about rehabilitation options that would be available to Z.T. if the case were transferred to juvenile court. These options include a maximum detention span of ninety days, after which Z.T. would be released and monitored. Mr. Tanner also proposed the possibility that the trial court could designate the case as Extended Juvenile Jurisdiction (EJJ). Under EJJ, there would be a review prior to Z.T.'s twenty-first birthday to determine whether to impose an adult sentence.

Z.T.'s first argument on appeal is that the trial court lacked jurisdiction over the case for failure to hold a timely transfer hearing. Arkansas Code Annotated section 9-27-318(f) provides that "[t]he court shall conduct a transfer hearing within thirty (30) days if the juvenile is detained and no longer than ninety (90) days from the date of the motion to transfer the case." In this case, Z.T. was not detained, and he filed his motion to transfer on March 13, 2014. The 90-day statutory period expired on June 11, 2014. The transfer hearing was not held until August 25, 2014, well after the expiration of the 90-day period. Z.T. contends that, because the hearing was not conducted within ninety days as required by statute, the trial court lacked jurisdiction to hold the hearing to transfer the case to juvenile court. Thus, he maintains that the case must be transferred to the juvenile division of circuit court. In support of this proposition, Z.T. cites *C.H. v. State*, 2010 Ark. 279, 365 S.W.3d 879, a case in which the supreme court held that the criminal division lost its exclusive jurisdiction over the proceedings when it transferred the case to juvenile division.

Contrary to Z.T.'s argument, the ninety-day requirement is not jurisdictional. This issue was resolved by our supreme court in *Cobbins v. State*, 306 Ark. 447, 816 S.W.2d 161 (1991). In *Cobbins*, the juvenile defendant argued that the circuit court lost jurisdiction because it failed to hold a juvenile transfer hearing within ninety days after criminal charges were filed,[1] and instead the hearing was held fourteen months later. The supreme court held that although the language of the statute was mandatory, it was silent on the effect of noncompliance and there was nothing in the statute to indicate it was jurisdictional. The *Cobbins* court further held that the appellant's failure to demand a transfer hearing until well beyond the ninety-day period waived the right to insist on a timely hearing.

In the present case, Z.T. filed a motion to transfer on March 13, 2014, but he did not request a hearing or object to the trial court's failure to hold a hearing within ninety days. The first time Z.T. raised the issue of the ninety-day requirement was in his renewed motion to transfer, which he filed three weeks after the August 25, 2014 hearing. As our supreme court held in *Cobbins*, the trial court's failure to hold a transfer hearing within ninety days did not deprive the trial court of jurisdiction, and we hold that Z.T. waived his right to insist on a timely hearing.

Z.T.'s remaining argument is that the trial court's denial of his motion to transfer to the juvenile division of circuit court was clearly erroneous. We cannot say on this record that

---

[1]The applicable statute at that time was Arkansas Code Annotated section 9-27-318(b)(2) (Repl. 1991), which provided that "[t]he circuit court shall hold a hearing within ninety (90) days of the filing of charges to determine whether to retain jurisdiction of the juvenile in circuit court."

SLIP OPINION

the trial court's ultimate decision denying the transfer motion was clearly erroneous. But because we agree with Z.T. that some of the trial court's written findings bearing on this issue were unsupported by the evidence, we remand for the trial court to reconsider the transfer motion.

As required by Arkansas Code Annotated section 9-27-318(h)(1), the trial court made written findings on each of the factors set forth in subsection (g). But the trial court erroneously determined that *all* of the relevant factors weighed in favor of prosecuting Z.T. in the criminal division of circuit court. The trial court accurately found that the alleged offense was a serious offense committed against a person and property in an aggressive, violent, and premeditated or willful manner.[2] The trial court also found that Z.T. acted as part of a group and that he had a high level of culpability, which was supported in the evidence. However, there are three factors that we have determined did not weigh against a transfer as found by the trial court.

In particular, the trial court found that the previous history of the juvenile justified prosecution in the criminal division of circuit court, even though the only previous juvenile case filed against Z.T. had been dismissed. There was no evidence that Z.T. had previously been adjudicated a juvenile offender. Moreover, the trial court found that Z.T.'s sophistication or maturity level justified prosecution in criminal court when the only evidence

---

[2]Although appellant challenges the trial court's finding under subsection (g)(1) based on the trial court's statement that the seriousness of the offense and protection of society *justified* prosecution in criminal court, as opposed to *requiring* prosecution in criminal court, we see this as a distinction without a material difference.

presented on that factor was Z.T.'s mother's testimony that he was childish and immature. Finally, the trial court mistakenly concluded that written reports and other materials relating to Z.T.'s mental, physical, educational, and social history justified prosecution in criminal court because no such reports or other materials were introduced.

As the State points out in its brief, our supreme court has held that a juvenile may be tried as an adult solely because of the serious and violent nature of the offense. *See C.B. v. State*, 2012 Ark. 220, 406 S.W.3d 796. It is also true that the trial court is not required to give equal weight to each of the factors. *See Magana-Galdamez*, *supra*. However, in the present matter we are unable to tell how much weight the trial court gave to the seriousness and violent nature of the offense, and how much weight it gave to its findings regarding the three factors that were inconsistent with the evidence in arriving at its decision to deny the transfer.

For this reason, we remand this case to the trial court with instructions to reconsider the transfer motion, giving proper consideration to the proof, or lack thereof, bearing on each of the statutory factors.

Remanded for reconsideration of juvenile-transfer motion.

KINARD and GLOVER, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca B. Kane*, Ass't Att'y Gen., for appellee.

SLIP OPINION