

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-16-1053

| | |
|---|---|
| R.J.W.<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** June 21, 2017<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26JV-16-306]<br><br>HONORABLE STEPHEN CHOATE, JUDGE<br><br>AFFIRMED;<br>MOTION TO WITHDRAW DENIED |

## RAYMOND R. ABRAMSON, Judge

Appellant R.J.W. was charged in juvenile court with aggravated residential burglary and theft of property. The State moved to transfer the case to the criminal division of the circuit court so that R.J.W. could be tried as an adult. Following a hearing, the juvenile division of the circuit court transferred the case to the criminal division. In its order, the circuit court made written findings on the enumerated factors from Arkansas Code Annotated section 9-27-318(g) (Repl. 2015).

Pursuant to Arkansas Supreme Court Rule 4-3(k)(1) (2016) and *Anders v. California*, 386 U.S. 738 (1967), R.J.W.'s counsel has filed a motion to withdraw as counsel on the ground that the appeal is without merit. The motion is accompanied by a no-merit brief containing an abstract and addendum of the proceedings below. The abstract and addendum in counsel's brief include all adverse decisions affecting appellant, and counsel explains in

the argument portion of his brief why there is nothing in the record that would arguably support an appeal. The clerk of this court sent R.J.W. a copy of his counsel's brief and notified him of his right to file pro se points for reversal. R.J.W. has not filed pro se points; thus, the State has not filed a response.

R.J.W.'s counsel sets out three adverse rulings the circuit court made against R.J.W.: (1) the transfer of the case to the criminal division; (2) the exclusion of R.J.W.'s counsel's remarks in closing statements that R.J.W. was not the "ringleader" of the crime; and (3) the consideration of a video of a custodial interrogation of R.J.W. Pursuant to *Anders*, we are required to determine whether an appeal is wholly frivolous after a full examination of all the proceedings. *Anders*, 386 U.S. 738; *Eads v. State*, 74 Ark. App. 363, 47 S.W.3d 918 (2001). The test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Anders*, 386 U.S. 738; *Eads*, 74 Ark. App. 363, 47 S.W.3d 918. We first address the circuit court's transfer of the case to the criminal division.

Under Arkansas law, a prosecuting attorney has discretion to charge a juvenile sixteen years of age or older in the criminal division of circuit court if the juvenile has engaged in conduct that, if committed by an adult, would be a felony. Ark. Code Ann. § 9-27-318(c)(1). On motion of the court or any party, the court in which the criminal charges have been filed shall conduct a hearing to determine whether to transfer the case to another division of circuit court having jurisdiction. Ark. Code Ann. § 9-27-318(e). The moving party bears the burden of proving that the case should be transferred. *Z.T. v. State*, 2015 Ark. App. 282. The circuit court shall order the case transferred to another division of circuit

court only upon a finding by clear and convincing evidence that the case should be transferred. Ark. Code Ann. § 9-27-318(h)(2). Clear and convincing evidence is that degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. *Z.T.*, 2015 Ark. App. 282. We will not reverse a circuit court's determination of whether to transfer a case unless the decision is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *Id.*

At a juvenile-transfer hearing, the circuit court must consider all the following factors:

(1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;

(2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;

(3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;

(4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;

(5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;

(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;

(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;

(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;

(9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and

(10) Any other factors deemed relevant by the judge.

Ark. Code Ann. § 9–27–318(g).

In this case, the evidence presented at the hearing established that R.J.W. was seventeen years old at the time he was charged with the offenses, that he had prior contact with juvenile court, that he had violated probation, and that he had been committed to the Department of Youth Services. The evidence also established that the alleged burglary involved a firearm, that the victims were an elderly couple who were injured during its commission, and that R.J.W. knew the victims prior to the burglary. Given this evidence, we agree with counsel that the transfer decision does not provide a basis for a meritorious appeal.

The second adverse ruling was the circuit court's exclusion of trial counsel's statement during closing arguments that R.J.W. was not the "ringleader" of the alleged offenses. The State objected to the comment because no evidence had been introduced that R.J.W. was not the "ringleader." Following the ruling, trial counsel argued without objection that R.J.W. was a minor at the time and that his codefendants were adults.

Our supreme court has stated that the circuit court is given broad discretion to control counsel in closing arguments, and we do not interfere with that discretion absent a manifest abuse of discretion. *Tryon v. State*, 371 Ark. 25, 263 S.W.3d 475 (2007). Closing arguments must be confined to questions in issue, the evidence introduced during trial, and

all reasonable inferences and deductions that can be drawn therefrom. *Leaks v. State*, 339 Ark. 348, 5 S.W. 3d 448 (1999). It is the circuit court's duty to maintain control of the trial and to prohibit counsel from making improper arguments. *Id.* Furthermore, it is presumed that a circuit court in a bench trial will consider only relevant evidence. *Marshall v. State*, 342 Ark. 172, 27 S.W.3d 392 (2000). We agree with counsel that the circuit court did not abuse its discretion by excluding the statement and that the ruling provides no meritorious basis for reversal.

Counsel asserts that the third adverse ruling concerns the circuit court's consideration of a video recording of an interrogation of R.J.W. Specifically, at the hearing, R.J.W.'s counsel objected to the introduction of the video because the State did not provide trial counsel with the video before the hearing[1] and the video was not the best evidence of R.J.W.'s statements to law enforcement. However, the record does not show that the court ever ruled on the admissibility of the video. The State merely proffered the video. It is well settled that issues not ruled on by the circuit court will not be considered on appeal. *Raymond v. State*, 354 Ark. 157, 118 S.W.3d 567 (2003). Because the court did not make a ruling, this court cannot consider the issue on appeal.

Accordingly, we agree with R.J.W.'s counsel that the appeal is without merit, and we affirm the order transferring R.J.W.'s case to the criminal division of the circuit court. However, the order appealed from is interlocutory in nature; its effect is merely to determine in which of two courts R.J.W. will stand trial. Because no trial or direct appeal (in the event

---

[1]The State asserted at the hearing that it did not provide trial counsel with the video because no motion for discovery had been filed.

 

of a conviction) has occurred, the case has not concluded. Therefore, we deny counsel's motion to withdraw at this time. *See Nichols v. State*, 2015 Ark. App. 12.

Affirmed; motion to withdraw denied.

GLADWIN and GLOVER, JJ., agree.

*Hancock Law Firm*, by: *Alex R. Burgos*, for appellant.

No response.