Cite as 2020 Ark. App. 15

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-18-985

| | |
|---|---|
| FREDRICK EUGENE SCOTT, JR.<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered January 15, 2020<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-18-538]<br><br>HONORABLE MARCIA R. HEARNSBERGER, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**N. MARK KLAPPENBACH, Judge**

Appellant Fredrick Eugene Scott, Jr., was charged in the Garland County Circuit Court with terroristic act, a Class Y felony, and two counts of first-degree battery, Class B felonies. The circuit court denied Scott's motion to transfer his case to the juvenile division of the circuit court, and Scott has now filed this interlocutory appeal from that order. Pursuant to Arkansas Supreme Court Rule 4-3(k)(1) and *Anders v. California*, 386 U.S. 738 (1967), Scott's counsel on appeal has filed a motion to withdraw as counsel on the ground that the appeal is without merit. The motion is accompanied by an abstract, addendum, and brief concerning the proceedings related to the motion to transfer. Counsel explains in his brief that the denial of the motion to transfer was the only adverse

ruling below and that this ruling presents no meritorious ground for reversal. Scott has filed pro se points for reversal, and the State has filed a response.

Under Arkansas law, a prosecuting attorney has discretion to charge a juvenile in either the juvenile or criminal division of the circuit court if the juvenile is fourteen or fifteen years old when the juvenile engages in conduct that, if committed by an adult, would be battery in the first degree or terroristic act. Ark. Code Ann. § 9-27-318(c)(2) (Repl. 2015). However, a defendant charged in the criminal division may file a motion to transfer to the juvenile division, and the circuit court must conduct a hearing to determine whether to transfer the case. *See* Ark. Code Ann. § 9-27-318(e). The moving party bears the burden of proving that the case should be transferred. *R.J.W. v. State*, 2017 Ark. App. 382.

In deciding whether to transfer the case, the circuit court must consider and make written findings on all the following factors:

(1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;

(2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;

(3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;

(4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;

(5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons

or property, and any other previous history of antisocial behavior or patterns of physical violence;

(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;

(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;

(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;

(9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and

(10) Any other factors deemed relevant by the judge.

Ark. Code Ann. § 9-27-318(g), (h)(1).

There is no requirement that proof be introduced against the juvenile on each factor, and the circuit court is not obligated to give equal weight to each of these factors in determining whether a case should be transferred. *Harris v. State*, 2018 Ark. App. 72, 540 S.W.3d 302. The circuit court shall order the case transferred to another division of the circuit court only upon a finding by clear and convincing evidence that the case should be transferred. Ark. Code Ann. § 9-27-318(h)(2). Clear and convincing evidence is that degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. *R.J.W.*, *supra*. We will not reverse a circuit court's determination of whether to transfer a case unless the decision is clearly erroneous. *Id.* A finding is

clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *Id.*

The evidence at the transfer hearing established that Scott was fifteen years old when he was alleged to have fired at least seventeen shots into a car containing three occupants. Detective Mark Fallis testified that Scott's older brother had arranged to buy marijuana from the male occupant of the car, and Scott planned to shoot him in retaliation for an earlier shooting. Fallis said that Scott had confessed to the shooting, which seriously injured the two female occupants of the car. Scott had a previous adjudication in juvenile court for disorderly conduct and had multiple suspensions from school for fighting, disorderly conduct, terroristic threats, and disrupting class. There was evidence that the rehabilitation services provided by the juvenile court were "geared toward lower level offenders."

The circuit court made written findings on all the factors and denied the motion to transfer. Our supreme court has held that a juvenile may be tried as an adult solely because of the serious and violent nature of the offense. *Otis v. State*, 355 Ark. 590, 142 S.W.3d 615 (2004). Given all the evidence, we agree with counsel that the transfer decision does not provide a basis for a meritorious appeal. Furthermore, Scott's pro se points provide no basis for reversal.

Accordingly, we affirm the circuit court's order and grant counsel's motion to withdraw. Scott's counsel was appointed by our court for this appeal upon our granting of the public defender's motion to withdraw as the attorney on direct appeal. Because

4

appellate counsel has now completed the limited task for which he was appointed, we grant his motion to withdraw. *See Lewis v. State*, 2019 Ark. App. 368.

Affirmed; motion to withdraw granted.

GRUBER, C.J., and BROWN, J., agree.

*David M. Littlejohn*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.