Cite as 2020 Ark. App. 232

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CR-19-340

| | |
|---|---|
| DEQUINTIS BAILEY | **Opinion Delivered:** April 15, 2020 |
| APPELLANT | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-18-403] |
| V. | |
| STATE OF ARKANSAS | HONORABLE KIRK JOHNSON, JUDGE |
| APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## MEREDITH B. SWITZER, Judge

DeQuintis Bailey was charged as an adult with four counts of raping a child under the age of fourteen. He moved to transfer the case to the juvenile division of circuit court, or alternatively to designate the case as an extended-juvenile-jurisdiction ("EJJ") proceeding. Following a hearing, the circuit court entered an order on March 7, 2018, denying the motion to transfer the case and the alternative motion to designate it as an EJJ proceeding. The circuit court made written findings addressing the factors listed in Arkansas Code Annotated section 9-27-318(g). Bailey filed this interlocutory appeal from the order. His appointed appellate counsel initially filed a motion to be relieved pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, contending that this appeal is wholly without merit. We denied counsel's initial motion and ordered rebriefing to comply with the requirements of *Anders* and Rule 4-3(k). *Bailey v. State*, 2020 Ark. App. 17. The case is before us again,

1

and counsel's motion is now accompanied by a conforming brief. Our review of the record confirms counsel's assertion that the only adverse rulings pertinent to this interlocutory appeal are the denial of the motion to transfer the case and the denial of his alternative request to designate it as an EJJ proceeding. Upon refiling the brief and motion, the clerk of this court again provided Bailey with a copy of his counsel's motion to withdraw along with the accompanying brief and informed him of his right to file additional pro se points or to stand on the points previously filed. Bailey did not file any additional points. Instead, he relies on the one pro se point he had filed previously and to which the State earlier responded, contending that the argument is without merit. We agree with Bailey's counsel and the State, and we hold that this appeal is wholly without merit.

A prosecuting attorney has discretion to charge a juvenile in either the juvenile or criminal division of circuit court if the juvenile was fourteen or fifteen years old when he or she engaged in conduct that, if committed by an adult, would constitute rape. Ark. Code Ann. § 9-27-318(c)(2)(E) (Repl. 2015). On motion of the court or any party, the court in which the criminal charges have been filed shall conduct a transfer hearing to determine whether to transfer the case to another division of circuit court. Ark. Code Ann. § 9-27-318(e). The moving party bears the burden of proving that the case should be transferred. *R.J.W. v. State*, 2017 Ark. App. 382. The circuit court shall make written findings on all the factors set forth in Arkansas Code Annotated 9-27-318(g), and upon a finding by clear and convincing evidence that the case should be transferred to another division of circuit court, the judge shall enter an order to that effect. Ark. Code Ann. § 9-27-318(h). Clear and convincing evidence is that degree of proof that will produce in the

2

trier of fact a firm conviction as to the allegation sought to be established. *R.J.W., supra.* We will not reverse a circuit court's determination of whether to transfer a case unless the decision is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *Id.*

At a juvenile-transfer hearing, the circuit court must consider the following factors set forth in Arkansas Code Annotated section 9-27-318(g):

(1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;

(2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;

(3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;

(4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;

(5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;

(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;

(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;

(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;

(9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and

3

(10) Any other factors deemed relevant by the judge.

In addition, there can be no EJJ designation unless a case is already in the juvenile division or is transferred to the juvenile division. *Lofton v. State*, 2009 Ark. 341, 321 S.W.3d 255; *J.S. v. State*, 2009 Ark. App. 710, 372 S.W.3d 370. Consequently, if a request to transfer to juvenile court is denied, then EJJ designation is unavailable.

Here, Bailey asserted in his motion to transfer that his date of birth is March 10, 2001, and that date was never changed or challenged below. The circuit court found that Bailey was fifteen or sixteen at the time of the alleged rapes, which occurred between June 1, 2016, and June 5, 2017, and that he would be eighteen years old within six days of the March 4, 2019 transfer hearing. The court further found that the charges against Bailey—four counts of rape—were exceeded only by capital murder in seriousness. The court's findings also included the following: the conduct involved a five-year-old child; the offenses were perpetrated in a premeditated and willful manner and were aggressive and violent in nature; there were four identifiable instances of rape, with obvious physical injury to a child of that age; the degree of planning included Bailey's telling the victim whom she should identify as her assailants if questioned when, in fact, Bailey was the only participant in the offense; Bailey has a long history of behavioral problems at home and at school, and he has been arrested five or six times; his psychological-evaluation results revealed he falls in the clinically significant range for antisocial behavior, anger-control problems, and emotional distress, and he was also diagnosed with oppositional-defiant disorder, depressive disorder, and cannabis abuse; his adequate grades and love of reading show he has the intellect and maturity to understand and appreciate the seriousness of the crime and to know his conduct

4

was wrong; even though Bailey experienced a traumatic event regarding the violent death of his cousin and has an unstable family, nothing in his home life, environment, or pattern of living excused his conduct; neither party had provided evidence to the court of available facilities or programs likely to rehabilitate Bailey before he reached the age of twenty-one, and extensive efforts by the Texas Juvenile Justice System had not been successful, convincing the court that continued efforts would be fruitless; Bailey acted alone in committing the offenses; and the court was not aware of any other relevant factors that would shed light on the transfer issue or the EJJ request. We are convinced, in light of our review of the court's findings, that there is no meritorious basis for appeal of the court's decision to deny Bailey's request to transfer or for EJJ designation.

Finally, as his pro se point for reversal, Bailey contends that he is appealing the court's decision to pursue charges against him as an adult because "[e]ven in the investigator's examination, he stated that the alleged crime happened when I was 14 years of age. At the time when he interviewed me I was being held in a juvenile detention center." According to his own motion to transfer, Bailey's date of birth is March 10, 2001. The criminal information provides that the four alleged rapes occurred between June 1, 2016, and June 5, 2017, making Bailey fifteen or sixteen during this period. As noted by the State, "[b]eyond his general eligibility to be transferred to the juvenile division of the circuit court, no specific issue or objection was raised below by Bailey regarding his age and, thus, any issue concerning that fact is not preserved for appeal." We agree it was not properly preserved and will not be addressed for the first time on appeal. Nonetheless, even a fourteen-year-old can be charged as an adult for the offense of rape. Ark. Code Ann. § 9-

27–318(c)(2)(E).  Consequently, Bailey's claim that an investigator said he was fourteen when the alleged crime occurred or the fact that he was held in a juvenile detention center are irrelevant to the determination of whether he should be tried as an adult.

Appellate counsel was appointed by our court solely for the limited purpose of perfecting Bailey's appeal and has now completed the limited task for which he was appointed.  Counsel has demonstrated that an appeal of this case would be wholly without merit.  We therefore grant his motion to withdraw.  *See Lewis v. State*, 2019 Ark. App. 368 (regarding trial counsel's resumption of juvenile's representation as case proceeds to a criminal trial).

Affirmed; motion to withdraw granted.

GRUBER, C.J., and HIXSON, J., agree.

*Joseph C. Self*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.