

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–15–369

TRACY BROWN

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered:** May 11, 2016

APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION
[NO. 60CR–14–765]

HONORABLE BARRY A. SIMS, JUDGE

AFFIRMED

**RAYMOND R. ABRAMSON, Judge**

Appellant Tracy Brown appeals from the circuit court's denial of his motion to transfer his case to the juvenile division of circuit court. He argues that the trial court's denial of his motion to transfer was clearly erroneous. We disagree and affirm.

On March 31, 2014, Brown was charged in the criminal division of circuit court with one count each of capital murder and aggravated robbery and two counts of committing a terroristic act. At the time the information was filed, Brown was seventeen years and nine months old. Brown filed a motion to transfer the case to the juvenile division of circuit court. A hearing on Brown's transfer motion was held on January 22, 2015. Four days later, on January 26, 2015, the circuit court entered an order denying the motion to transfer.

SLIP OPINION

At the hearing on the motion to transfer, testimony was elicited from Detective Brad Silas of the Little Rock Police Department. Detective Silas was the investigator assigned to the murder investigation of Thomas Gilbert, who was shot and killed on January 17, 2014 in a drug transaction over a quarter pound of marijuana. Detective Silas testified that police responded to a 911 report of a shooting victim, Terrance Brison, who had been shot multiple times and reported that he had been shot during a drug deal while sitting in a black Chevrolet Tahoe at 7414 Mabelvale Pike. When officers arrived at the address, they found Gilbert murdered in the driver's seat. Ricky Hill also took the stand and testified that he was attempting to sell the marijuana and that he was present when the drug deal and subsequent shooting occurred. Hill's cousin, Terrance Brison, testified about the events that occurred on the night of January 17. Brison, like Gilbert, was shot that night, but survived his injuries. Brison's testimony at the hearing was cut short however, when 911 was called and he had to be taken by ambulance from the courtroom after he complained of high blood pressure and severe chest pains.

The defense called Scott Tanner, a juvenile ombudsman at the public defender commission, who testified about the resources that would be available to the juvenile division of circuit court, including commitment to the Division of Youth Services, as well as the nature of extended juvenile jurisdiction ("EJJ"). Tracy Robinson, appellant's mother, also testified that her son was a good kid and had no criminal record. He was a senior at Central High School at the time of the incident. Robinson testified that Brown had never been expelled from school but that he was not very mature. Charles Browning, a minister at Christ Light Ministries, testified that he had known Brown from the time he was a young

boy, that he was a respectful teen, and that Brown would be a person amenable to rehabilitation. At the end of the hearing, the circuit court orally denied the motion to transfer and entered its order on January 26, 2015.

This case reaches us for the second time on appeal. Brown initially argued on appeal that the trial court's January 26th order denying his motion to transfer was not in compliance with Arkansas Code Annotated section 9–27–318(h)(1) (Repl. 2009). We agreed with Brown and remanded with instructions for the trial court to make written findings on the factors identified in Arkansas Code Annotation section 9–27–318(g). *Brown v. State*, 2015 Ark. App. 570. The trial court entered another order denying Brown's motion to transfer to juvenile court on October 26, 2015. The supplemental record containing the circuit court's October 26th order was lodged two days later, on October 28, 2015. Brown filed a supplemental brief on December 31, 2015, arguing that the circuit court's decision should be reversed because it failed to give appropriate weight to two of the ten statutory factors as required by Arkansas Code Annotation section 9–27–318(g) and that this court should order that his case be transferred as one governed by EJJ, codified at Arkansas Code Annotated sections 9–27–501 to –510. The State responded on January 13, 2016. For the following reasons, we now affirm.

Under Arkansas law, a prosecuting attorney has discretion to charge a juvenile sixteen years of age or older in the criminal division of circuit court if the juvenile has engaged in conduct that, if committed by an adult, would be a felony. Ark. Code Ann. § 9–27–318(c)(1) (Repl. 2015). On motion of the court or any party, the court in which the charges have

been filed shall conduct a transfer hearing to determine whether to transfer the case to the juvenile division of circuit court. Ark. Code Ann. § 9-27-318(e).

The moving party bears the burden of proving that the case should be transferred. *Z.T. v. State*, 2015 Ark. App. 282. The court shall order the case transferred to another division of circuit court only upon a finding by clear and convincing evidence that the case should be transferred. Ark. Code Ann. § 9-27-318(h)(2). Clear and convincing evidence is the degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. *R.W.G. v. State*, 2014 Ark. App. 545, 444 S.W.3d 376. We will not reverse a circuit court's determination of whether to transfer a case unless that decision is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *Id.*

Arkansas Code Annotated section 9-27-318(g) sets forth all the factors the court shall consider in a transfer hearing:

> (1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;
> (2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;
> (3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;
> (4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;
> (5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;

(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;

(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;

(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;

(9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and

(10) Any other factors deemed relevant by the judge.

The trial court is required to make written findings on all of the above factors. Ark. Code Ann. § 9-27-318(h)(1). However, there is no requirement that proof be introduced against the juvenile on each factor, and the circuit court is not obligated to give equal weight to each of these factors in determining whether a case should be transferred. *Neal v. State*, 2010 Ark. App. 744, 378 S.W.3d 634.

Brown argues that the trial court misapplied Arkansas Code Annotated section 9-27-318(g)(1), "the seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court." Our supreme court has held that a juvenile may be tried as an adult solely because of the serious and violent nature of the offense. *See Otis v. State*, 355 Ark. 590, 142 S.W.3d 615 (2004). A murder charge is a serious charge, arguably the most serious in the entire criminal code. *See Lofton v. State*, 2009 Ark. 341, at 6, 321 S.W.3d 255, 259.

Here, the circuit court states in its order that there is evidence from the testimony that there were three victims who were shot during a robbery, one of them was killed, and the other two were injured. Furthermore, the court noted in its order that at the hearing,

defense counsel conceded that this was a violent offense. Brown argues that the circuit court did not adequately consider Tracy Robinson's testimony about what a good son Brown had been—citing that he had never been in trouble before or exhibited any violence at home. As the State correctly asserts, this does not support reversal.

Brown also contends that the circuit court misapplied Arkansas Code Annotated section 9-27-318(g)(7), which requires the circuit court to consider whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday. Brown argues that the court did not appropriately consider juvenile ombudsman Scott Tanner's testimony that he would benefit from the services offered through the Department of Youth Services. Tanner admitted on cross-examination that many of the programs were not available for defendants past the age of eighteen. Brown was nineteen years old when the order denying the motion to transfer was entered. We hold that Brown's arguments do not demonstrate that the circuit court clearly erred by denying the motion to transfer. The circuit court did not ignore evidence that Brown cited in support of his motion or that was presented at the hearing; it simply weighed the evidence differently than Brown desired.

Brown's argument that this court should order that his case be transferred as an EJJ also fails. Although Scott Tanner testified about the concept of EJJ, Brown raises his request for the first time on appeal having neither moved for a transfer to EJJ in his motion or at the transfer hearing in circuit court. We have long held that arguments raised for the first time on appeal will not be considered. *Raymond v. State*, 354 Ark. 157, 162–63, 118 S.W.3d 567, 571 (2003). In any event, because the circuit court determined that Brown's case

should remain in the criminal division of circuit court, any claim about an EJJ designation is moot because EJJ applies only when a case is pending in the juvenile division. Therefore, EJJ is not applicable in this situation. *See, e.g.*, *J.S. v. State*, 2009 Ark. App. 710, 372 S.W.3d 270.

The circuit court considered all the evidence on all the factors, as required by the statute, and it was free to use its discretion in the weight afforded to each factor. *D.A.S. v. State*, 2010 Ark. App. 144, at 6. We hold that the circuit court properly considered all the factors in section 9-27-318(g) and did not clearly err in denying the motion to transfer to the juvenile division of circuit court. Accordingly, we affirm.

Affirmed.

WHITEAKER and HOOFMAN, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.