

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-16-855

| | |
|---|---|
| BRIAN DAWAYNE AUSTIN | **Opinion Delivered:** March 1, 2017 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NOS. 60CR-16-765; 60CR-16-766] |
| V. | |
| STATE OF ARKANSAS | HONORABLE BARRY SIMS, JUDGE |
| APPELLEE | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Appellant Brian Dawayne Austin (DOB: 03-24-00) appeals from the circuit court's denial of his motion to transfer his case to the juvenile division of circuit court. He argues that the trial court's denial of his motion to transfer was clearly erroneous. We affirm.

Austin was charged, along with a codefendant, G.S., in the Pulaski County Circuit Court with aggravated robbery and first-degree battery stemming from two robberies that occurred on January 31 and February 1, 2016. On May 23, 2016, the public defender entered his appearance and moved that the cases be transferred to the juvenile division of circuit court. A juvenile-transfer hearing was held on June 20, 2016, and the circuit court denied the motion from the bench. An order reflecting such was entered on July 11, 2016. The interlocutory appeal is properly before this court.

At the hearing on the motion to transfer, the investigating officer in the case,

Detective Robert Martin, testified that on January 31, 2016, officers responded at 5:06 p.m. to the shooting of Edward Avery. Avery was in his car when he was approached by two African-American males. Avery recounted to officers that the smaller of the two males put a gun to his head, and when Avery attempted to grab the gun, he was shot in the mouth. The two males then fled. Avery later identified both G.S. and Austin from a photo line-up; he described G.S. as the gunman and Austin as the lookout. Ironically, Avery was able to first identify his assailants after seeing local news coverage on area crime in which both G.S. and Austin gave interviews where they stated their fear of violence and their intention to stay off the streets. The televised interviews aired at both 6:00 p.m. and 10:00 p.m. on February 1, 2016.

That same night, around 11:40 p.m., Austin approached Luis Reyes while he was pumping gas and begged for money; Reyes complied with Austin's demands. When Austin asked for more money and Reyes refused, Austin intimated that he was armed and took all of Reyes's belongings including his car. Austin and G.S. were subsequently stopped in Reyes's car, and Reyes later identified them as the males who had robbed him. Upon his arrest, Austin admitted his involvement in the robbery of Reyes. The State also introduced evidence of at least one prior juvenile case that resulted from a criminal trespass, as well as one truancy case.

Dewayne Wilkins, Austin's former probation officer, testified that Austin had been placed on probation in 2013. While on probation, Austin's mother had died, and he had not exhausted the services available to him. Wilkins testified that he had not seen Austin since he was thirteen years old.

Juvenile ombudsman Scott Tanner testified that there are services that would be available to Austin in juvenile court. Austin's father, Eric, explained that he obtained custody of his son in 2013 after Austin's mother died. Eric Austin testified that his son went into a "huge depression" after her death, so Eric sent him to receive treatment at Pinnacle Pointe.

On appeal, Austin challenges the circuit court's findings and argues that the decision should be reversed because the circuit court clearly erred in finding that the case should not be transferred. The substantive and procedural requirements for the transfer of a case to the juvenile division of circuit court are set forth in Arkansas Code Annotated section 9-27-318 (Repl. 2015). On motion of the court or any party, the court in which the charges have been filed shall conduct a transfer hearing to determine whether to transfer the case to another division of circuit court. *See* Ark. Code Ann. § 9-27-318(e).

The moving party bears the burden of proving that the case should be transferred. *Z.T. v. State*, 2015 Ark. App. 282. The court shall order the case transferred to another division of circuit court only upon a finding by clear and convincing evidence that the case should be transferred. Ark. Code Ann. § 9-27-318(h)(2). Clear and convincing evidence is the degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. *R.W.G. v. State*, 2014 Ark. App. 545, 444 S.W.3d 376. We will not reverse a circuit court's determination of whether to transfer a case unless that decision is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *Id.*

SLIP OPINION

Arkansas Code Annotated section 9–27–318(g) sets forth all of the factors the court shall consider in a transfer hearing:

> (1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;
> (2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;
> (3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;
> (4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;
> (5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;
> (6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;
> (7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;
> (8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;
> (9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and
> (10) Any other factors deemed relevant by the judge.

The trial court is required to make written findings on all of the above factors. Ark. Code Ann. § 9-27-318(h)(1). However, there is no requirement that proof be introduced against the juvenile on each factor, and the circuit court is not obligated to give equal weight to each of these factors in determining whether a case should be transferred. *Neal v. State*, 2010 Ark. App. 744, 378 S.W.3d 634.

Here, the circuit court heard the evidence, weighed it, reached its decision, and enumerated its conclusions in an order. The circuit court considered the evidence on all of the factors, as required by the statute, and it was free to use its discretion in the weight

afforded to each factor. *D.A.S. v. State*, 2010 Ark. App. 144, at 6. As noted, the circuit court is not required to give equal weight to each of the statutory factors; it can rely on any of the factors so long as it considered and made written findings with regard to all the factors.

In the instant case, the circuit court considered all of the factors and determined that the seriousness of the offenses, that the offenses were committed against persons, the need for societal protection, and the level of participation in the offenses outweighed any other factors. This determination is supported by the record. Moreover, when reviewing the entire evidence, we cannot say with firm conviction that a mistake has been committed. We hold that the circuit court properly considered all of the factors in section 9-27-318(g) and did not clearly err in denying the motion to transfer. Accordingly, we affirm.

Affirmed.

VIRDEN and GLADWIN, JJ., agree.

*Fernando Padilla*, Public Defender Conflicts, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.