KENNETH S. HIXSON, Judge
Keith Lamont Harris appeals from the Pulaski County Circuit Court's denial of his motion to transfer two of his cases to the juvenile division of circuit court. Appellant argues on appeal that the trial court's denial of his motions to transfer was clearly erroneous. We affirm.
Appellant was charged by felony information in case no. 60CR-16-3485 with two counts of aggravated robbery and two counts of theft of property stemming from an incident that occurred on August 21, 2016. The State further requested that appellant's sentence be increased pursuant to Arkansas Code Annotated section 16-90-120 (Repl. 2016) for committing the felonies while employing a firearm. In case no. 60CR-16-3487, appellant was charged by felony information with two counts of aggravated robbery and two counts of theft of property stemming from an incident *304 that occurred on July 31, 2016. Thereafter, appellant filed a motion to transfer to the juvenile division of circuit court in each case on March 20, 2017, and a joint hearing was held on April 25, 2017.
At the hearing, Detective Julio Gil testified that he had investigated the incident that occurred on July 31, 2016, after responding to an alleged robbery with two Hispanic victims. The victims reported that four black males had robbed them at gunpoint, taking their cell phones and wallets. One of the victims was able to provide photographs of three of the four robbers after recovering a backup from his iCloud account, which led to appellant's being developed as a suspect. That victim tentatively identified appellant from a subsequent photo spread.
Detective Chris Johnson testified that he had investigated a separate incident that occurred on August 21, 2016, in which two Hispanic victims had been robbed outside the parking lot of a nightclub. One of the victims, who only spoke Spanish, was able to recover photographs of the suspects from his iCloud account, and that victim positively identified appellant in a subsequent photo spread.
Jennie Promack testified that she is appellant's juvenile-probation officer. She testified that appellant had been placed on probation in multiple adjudication cases. Appellant had been previously adjudicated delinquent for breaking or entering, criminal mischief, fleeing, and criminal trespass. Appellant more recently had been placed on a nonpriority list to attend the C-Step court-ordered boot-camp program, and appellant's brother had been attending that program. Promack testified that appellant was living at home with his mother and that the home was found to be a suitable home. Appellant's father was accidentally killed in a shooting incident when appellant was approximately five years old. Promack further testified that appellant was sixteen years old at the time of the hearing and testified regarding the various programs offered if appellant's cases were transferred to the juvenile division. She additionally stated that it was her opinion that appellant could be rehabilitated before juvenile jurisdiction would expire if the cases were transferred.
Jennifer Walker, appellant's mother, testified that she has twelve children. Walker admitted that appellant was charged with his first juvenile offense in 2012 and continued to have involvement with the juvenile-justice system thereafter. Walker testified that she did not believe that her son had robbed anyone and testified that she did not believe that her son had a firearm. However, Walker admitted that it was her son holding a handgun in one of the pictures. Walker further admitted that appellant was on probation in at least two other cases and that he had at least three other adjudications. Walker indicated that she does her best to take care of appellant but admitted that she could not be with him 100 percent of the time.
On May 1, 2017, the trial court made written findings in both cases in virtually identical orders on all of the factors enumerated in Arkansas Code Annotated section 9-27-318(g) (Repl. 2015). The following pertinent findings are from the order entered in case no. 60CR-16-3487:
1. The Defendant is charged with two counts aggravated robbery and two counts theft of property. These are serious offenses involving violence. The nature of the offenses and protection of society would favor prosecution in the criminal division of circuit court.
2. The offenses charged were committed in a violent and premeditated manner.
3. The offenses charged were committed against persons and property.
*305 4. The culpability of the Defendant appears to be equal to that of his co-Defendants.
5. The Defendant's prior juvenile history includes three misdemeanors-fleeing, criminal mischief, and criminal trespassing-and one felony charge of breaking and entering.
6. The defendant's home environment is poor. Although DHS, after an evaluation, found that his home environment was appropriate, the Court has also reviewed the social history and disposition recommendations by Officer Jennie Promack. That document indicates that four of the Defendant's siblings have had, or currently have, juvenile court interactions. The Defendant and his siblings were removed from the mother's care and placed in DHS custody in 2004. His mother has had involvement with illegal substances, and his father was accidentally shot by someone having a psychotic drug episode in 2006. The mother testified at the hearing that the Defendant is one of twelve of her children.
7. The Defendant's date of birth is October 11, 2000. He is sixteen years old, and he was fifteen years and 9 months old at the time of these offenses. The adult division of circuit court therefore has jurisdiction pursuant to Ark. Code Ann. § 9-27-318(c)(2). The Court has carefully considered the testimony presented at the juvenile transfer hearing, particularly that of juvenile probation officer Jennie Promack. Officer Promack testified that she believed that the Defendant would benefit from the rehabilitative services provided by the Department of Youth Services. She also testified about the difference in brain functioning between juvenile offenders and adult offenders. The Court is mindful of this distinction and has taken judicial notice of the United States Supreme Court's reasoning in Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). Officer Promack genuinely believes that this juvenile can be rehabilitated within the juvenile system. This Court hopes that all juvenile offenders may be rehabilitated within the system, but unless that system is provided with better resources, this will not happen. The Court has weighed the efficacy of these programs and services against the legitimate and necessary concerns about the protection of society from violent offenders, as required by statute. The Court is concerned with the sufficiency of the resources available to the Juvenile Division and finds that the programs in their current form would fail when applied to the circumstances of this case. There are facilities and programs available to the judge of the Juvenile Division of Circuit Court, and it is beyond dispute that this juvenile and his family are in need of these services, but the Court ultimately finds that these programs and facilities are not likely to rehabilitate this particular Defendant prior to the expiration of his twenty-first birthday.
8. The Defendant acted as part of a group.
9. The Court has reviewed documents relevant to the Defendant's history-namely, a social history and disposition created on April 7, 2016, a home evaluation done December *306 17, 2016, prior drug screens, and records from the Juvenile Division of Circuit Court.
10. The evidence presented at the April 2[5] hearing indicates that the Defendant was targeting Hispanic males because of their reluctance to contact authorities. A police officer testified regarding this reluctance to involve authorities within the Hispanic community. Additionally, the Defendant's brother is currently in the juvenile system and enrolled in the Arkansas National Guard's C-Step program. The Court has also considered the testimony of the Defendant's mother, who works the night shift at her job and arrived at court to testify immediately after her shift ended. The Defendant's mother testified that he is one of twelve of her children.
11. As is often the situation with juvenile transfers, this Court's decision comes down to balancing the seriousness of the offense and whether the protection of society requires the case to be kept in the criminal division. The Court has reflected on the facilities and programs available to the Juvenile Division of Circuit Court and whether those facilities and programs are likely to rehabilitate the Defendant prior to his 21st birthday. As is so often the case, the Court is presented with a single parent with a teenage son. That parent seems to have made all reasonable efforts to raise the child, but she cannot supervise him 24 hours a day and maintain the employment necessary to support her family. This young man is attempting to fit in with his peers and gain the attention and friends that any teenager would desire. As a result, he engages in behavior that he believes will garner him this attention. This does not excuse the conduct in this matter, but the Court wishes to point out that if we fail to attempt to examine and understand the circumstances of this behavior, society will continue to suffer the consequences of this problem. Pointing a firearm at someone, and robbing them of both their property and sense of security is shocking and unacceptable behavior for a child or an adult.
Therefore, based upon consideration of the foregoing, pursuant to Ark. Code Ann. Sec. 9-27-318, the Court finds by clear and convincing evidence that this case should remain in the adult division of Circuit Court. The Defendant's Motion to Transfer should be, and is hereby, ordered denied.
(Footnotes omitted.) Appellant filed notices of appeal in both cases, and we granted a motion to consolidate the cases on appeal.
Under Arkansas law, a prosecuting attorney has discretion to charge a juvenile sixteen years of age or older in the criminal division of circuit court if the juvenile has engaged in conduct that, if committed by an adult, would be a felony. Ark. Code Ann. § 9-27-318(c)(1). On the motion of the court or any party, the court in which the criminal charges have been filed shall conduct a hearing to determine whether to transfer the case to another division of circuit court having jurisdiction. Ark. Code Ann. § 9-27-318(e). The moving party bears the burden of proving that the case should be transferred to the juvenile division of circuit court. Austin v. State , 2017 Ark. App. 114, 515 S.W.3d 633 ; Z.T. v. State , 2015 Ark. App. 282, 2015 WL 1952969. The trial court shall order the case transferred to another division of circuit *307 court only upon a finding by clear and convincing evidence that the case should be transferred. Ark. Code Ann. § 9-27-318(h)(2). Clear and convincing evidence is that degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. Z.T. , supra. We will not reverse a trial court's determination of whether to transfer a case unless the decision is clearly erroneous. Id. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. Id.
At a juvenile-transfer hearing, the trial court is required to consider all of the following factors:
(1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;
(2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;
(3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;
(4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;
(5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;
(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;
(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;
(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;
(9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and
(10) Any other factors deemed relevant by the judge.
Ark. Code Ann. § 9-27-318(g). Pursuant to Arkansas Code Annotated section 9-27-318(h)(1), a trial court shall make written findings on all of the factors set forth above. However, there is no requirement that proof be introduced against the juvenile on each factor, and the trial court is not obligated to give equal weight to each of these factors in determining whether a case should be transferred. Kiser v. State , 2016 Ark. App. 198, 487 S.W.3d 374.
Appellant contends that the trial court's denial of his motions to transfer was clearly erroneous. Appellant specifically argues that the trial court erroneously found that protection of society required prosecution in the criminal division and that there was a concern with whether sufficient resources were available in the juvenile division to rehabilitate him before the expiration of juvenile-court jurisdiction. Appellant further notes that a transfer to juvenile court did not exclude the possibility of appellant later receiving an adult sentence if his rehabilitation was unsuccessful or incomplete. Appellant's arguments are without merit.
Here, the trial court heard the evidence, weighed it, reached its decision, and enumerated its conclusions in an order. The trial court considered the evidence on all *308 the factors, as required by the statute, and it was free to use its discretion in the weight afforded to each factor. Austin , supra . As noted, the trial court is not required to give equal weight to each of the statutory factors; it can rely on any of the factors so long as it considered and made written findings with regard to all the factors. Id. The trial court did not ignore the evidence that appellant cited in support of his motion or that was presented at the hearing; it simply weighed the evidence differently than appellant desired. See Brown v. State , 2016 Ark. App. 254, 492 S.W.3d 126. Moreover, when reviewing the entire evidence, we cannot say with firm conviction that a mistake has been committed. Thus, we hold that the trial court properly considered all the factors in section 9-27-318(g) and did not clearly err in denying the motions to transfer. Accordingly, we affirm.
Affirmed.
Abramson and Vaught, JJ., agree.