RITA W. GRUBER, Chief Judge
Appellant Adrian Clinkscale appeals from the Pulaski County Circuit Court's August 1, 2017 order and August 23, 2017 amended order, which denied his motion to transfer to juvenile court. He argues that the circuit court's denials of his motion to transfer the case to juvenile court are clearly erroneous. We affirm.
On February 15, 2017, appellant was charged in the criminal division of the Pulaski County Circuit Court with nine counts of committing a terroristic act and *51 one count of criminal mischief in the first degree. Because he was sixteen years old at the time of the alleged offenses and seventeen years old at the time of the hearing, appellant filed a motion to transfer to the juvenile division of the circuit court on June 19, 2017.
The investigating officer, Det. Roy Williams, testified that on January 7, 2017, he was contacted to investigate a shooting that occurred at 2705 Lewis Street. During the investigation, Detective Williams made contact with the resident of the home who had reported the shooting. The resident said that she "had not seen anything because she was inside during the shooting." Detective Williams stated that he met with two individuals who witnessed the shooting and that they had seen a red Dodge Avenger being driven down Lewis Street with a man known as "Adawg" hanging out of the passenger-side window firing at the residence with a semiautomatic handgun with an extended clip. One of the individuals told him that "Adawg" was a former friend named Adrian Clinkscale. Detective Williams testified that at the time of the shooting, several people had been inside the home and at least three individuals had been outside the home. He further testified that no one had been injured by appellant's bullets but that the residence and several nearby vehicles had been damaged.
When asked about his prior knowledge of appellant, Detective Williams testified that appellant had been known as both a victim and a suspect in previous cases. Detective Williams also testified that he was familiar with appellant's involvement with "the West Side Bloods of John Barrow," a street gang.
Frankie James, appellant's science instructor, testified on his behalf. She testified that appellant had been a very good student, had achieved As and Bs in her classes, and had attended her lunchtime-tutoring program. She testified that, although appellant is immature, she "never had any problems with him, he's salvageable, a very smart young man." However, James also testified that she was not acquainted with appellant's home life or gang activity.
Scott Tanner, coordinator of the Juvenile Ombudsman Division through the Public Defender Commission, testified on behalf of appellant and discussed generally the programs and facilities available in the juvenile court and in extended juvenile jurisdiction. He testified that he did not know appellant and had not previously evaluated him.
After the July 24, 2017 hearing on appellant's motion, the circuit court entered an order denying the transfer. On August 10, 2017, appellant filed a motion for reconsideration, noting objections to the language of the original order.[1] Following a hearing on appellant's motion, the circuit court entered an amended order again denying the transfer. Appellant now timely appeals.
A prosecuting attorney has the discretion to charge a juvenile sixteen years of age or older in either the juvenile or criminal division of circuit court if the juvenile has allegedly engaged in conduct that, if committed by an adult, would be a felony. Ark. Code Ann. § 9-27-318 (Repl. 2015). On the motion of the court or any party, the court in which the criminal charges have been filed shall conduct a hearing to determine whether to transfer the case to another division of circuit court *52 having jurisdiction. Id. The court shall order the case transferred to another division of circuit court only upon a finding by clear and convincing evidence that the case should be transferred. Id. Clear and convincing evidence is proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. McClure v. State , 328 Ark. 35, 942 S.W.2d 243 (1997). On review, the circuit court's denial of a transfer is not reversed unless the decision is clearly erroneous. Beulah v. State , 344 Ark. 528, 42 S.W.3d 461 (2001). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. Johnson v. State , 356 Ark. 534, 157 S.W.3d 151 (2004).
Pursuant to Arkansas Code Annotated section 9-27-318(g), the circuit court must consider the following factors at a transfer hearing:
(1) the seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;
(2) whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;
(3) whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;
(4) the culpability of the juvenile, including the level of planning and participation in the alleged offense;
(5) the previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;
(6) the sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;
(7) whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;
(8) whether the juvenile acted alone or was part of a group in the commission of the alleged offense;
(9) written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and
(10) any other factors deemed relevant by the judge.
Ark. Code Ann. § 9-27-318(g). The circuit court is required to make written findings on all of the factors set forth above. Ark. Code Ann. § 9-27-318(h)(1). However, there is no requirement that proof be introduced against the juvenile on each factor, and the circuit court is not obligated to give equal weight to each of these factors in determining whether a case should be transferred. Kiser v. State , 2016 Ark. App. 198, 487 S.W.3d 374.
In this case, the circuit court made findings regarding each factor listed in section 9-27-318(g). The amended order denying the transfer provided as follows:
1. The Defendant is charged with nine counts terroristic act-occupiable structure and one count criminal mischief in the first degree. These are serious offenses, the nature of which and protection of society would favor prosecution in the criminal division of circuit court.
2. The offenses charged were committed in a violent, aggressive, and willful manner.
*53 3. The offenses charged were committed against person and property.
4. The Defendant acted as part of a group, but appears to have been a major participant in that group.
5. The Defendant has one pending charge in the juvenile division of circuit court, which is a case that was recently transferred from the adult division.
6. The Defendant is immature. The unrebutted testimony was that the defendant is a member of the Westside Bloods, a street gang. Testimony was also presented that the Defendant has been the victim of several shootings and will not cooperate with law enforcement in the investigation of these incidents.
7. The Defendant's date of birth is March 22, 2000. He is seventeen years old, and he was sixteen years old at the time of the alleged offenses. The adult division of circuit court therefore has jurisdiction pursuant to Ark. Code Ann. § 9-27-318(c)(1). There are facilities and programs available to the judge of the Juvenile Division of Circuit Court, but the Court finds that these programs and facilities are not likely to rehabilitate the Defendant prior to his twenty-first birthday.
8. The Defendant acted with at least one other person in the commission of these offenses.
9. The Court has not been provided with written reports or other materials relating to Defendant's mental, physical, educational, and social history.
10. No family members testified on the Defendant's behalf. It was stipulated by the parties that the Defendant's mother could not be present because she was incarcerated. One of the Defendant's teachers did appear and testify that he was an "A/B" student in her class and was respectful and courteous. On the same date as this hearing, the Court held a transfer hearing on the Defendant's half brother, who is charged with similar activity.
THEREFORE, based on consideration of the foregoing, pursuant to Ark. Code Ann. Sec. 9-27-318, the Court finds by clear and convincing evidence that this case should remain in the criminal division of Circuit Court. The Defendant's Motion to Transfer should be, and is hereby, ordered denied.
On appeal, appellant argues that the circuit court erred in denying his motion to transfer to juvenile court. Specifically, he disputes the court's finding that he was not likely to be rehabilitated prior to his twenty-first birthday. He also argues that the circuit court erred in denying his motion for reconsideration because it did not remove from its August 23, 2017 order mention of his half brother's juvenile-transfer hearing. Appellant's arguments are without merit.
As the moving party, appellant had the burden of proving by clear and convincing evidence that the case should be transferred to the juvenile division of circuit court. Magana-Galdamez v. State , 104 Ark. App. 280, 291 S.W.3d 203 (2009). Here, the circuit court heard the evidence, weighed it, reached its decision, and enumerated its conclusions in a written order. The circuit court properly considered the evidence on all the factors, as required by the statute, and it was free to use its discretion in the weight afforded to each factor. Austin v. State , 2017 Ark. App. 114, at 4-5, 515 S.W.3d 633, 636. The circuit court is not required to give equal weight to each of the statutory factors; it can rely on any of the factors so long as it considered and made written findings with regard to all the factors. Id. The circuit court did not ignore the testimony of the witness who thought that appellant had the potential to be rehabilitated; it simply weighed *54 the evidence differently than appellant desired. See Brown v. State , 2016 Ark. App. 254, 492 S.W.3d 126. In addition, our supreme court has held that a juvenile may be tried as an adult solely because of the serious and violent nature of the offense. C.B. v. State , 2012 Ark. 220, 406 S.W.3d 796. Here, appellant was charged with nine counts of committing a terroristic act and one count of criminal mischief in the first degree. Appellant's charges of committing a terroristic act are serious and violent offenses. See M.R.W. v. State , 2012 Ark. App. 591, 424 S.W.3d 355.
Appellant's second argument-that the circuit court erred in denying his motion for reconsideration because the court did not remove its statement regarding his half brother's juvenile-transfer hearing-is also without merit. Our supreme court has previously held that judicial notice may not be taken of the record in a separate case. Smith v. State , 307 Ark. 223, 228, 818 S.W.2d 945, 948 (1991). However, our court has recently held that the circuit court is presumed to know and follow the law. C.J.M. v. State , 2017 Ark. App. 477, at 6, 531 S.W.3d 412, 416. In addition, when a circuit court is acting as the finder of fact, it is presumed to have considered only competent evidence, and this presumption is overcome only when there is an indication that the court did give some consideration to the inadmissible evidence. Id.
The following colloquy ensued between appellant's counsel, Mr. Padilla, and the circuit court when Mr. Padilla asked the court to note his objection to the reference of appellant's half brother's case in the original order:
MR. PADILLA : I filed a motion for reconsideration in this particular case chiefly because I have to comply with the contemporaneous objection rule in order to perfect an appeal, and with respect to paragraph ten of the Court's order, it states that the Defendant's mother could not be present because of work. I believe both State and Defense stipulated that the mother couldn't be present because she was in jail facing charges as a co-defendant on a theft by receiving downstairs.
His father was in the penitentiary, and grannie was home sick.
So, I would object to that portion of the order as being incorrect, and also the last sentence of it the Court makes mention of the juvenile transfer hearing concerning the Defendant's half-brother and the fact that he was charged with similar activity. However, that's outside of the record on our particular case, and I could not have objected to its incorporation into the order.
This is the first opportunity I've had to object to it, and so if the Court would just note my objection-.
THE COURT : Well, with respect to the mother at work as opposed to being in jail, that was just an error on the Court's part. I will issue an amended order on that issue.
With respect to the fact that Mr. Clinkscale's half-brother also had a hearing the same day, that was an unusual circumstance. I noted it in the order but it's pure dicta. It did not weigh in my decision in denying his motion to transfer on any level. So-
MR. PADILLA : Thank you, Your Honor. I just wanted to-
THE COURT : -I'll have that order first of the week.
MR. PADILLA : Thank you for clarifying it. I just, like I said, I needed to comply with the contemporaneous objection rule.
*55 THE COURT : No. You're fine. I understand. Thank you.
Here, there is no indication that the circuit court disregarded its own ruling and gave consideration to the fact that appellant's half brother had a hearing the same day as appellant. As such, we hold that appellant's second argument on appeal is without merit.
After reviewing the evidence, we are not left with a firm and definite conviction that the circuit court made a mistake in denying appellant's motion to transfer the case to juvenile court. Accordingly, we affirm.
Affirmed.
Abramson and Gladwin, JJ., agree.

Appellant objected to language in the August 1, 2017 order that incorrectly stated appellant's mother could not be present at the hearing because of work. He also objected to the court's language that mentioned his half brother and the fact that he had been charged with similar activity.