RITA W. GRUBER, Chief Judge
On January 10, 2018, appellant James Moore, Jr., was charged in the Lafayette County Circuit Court with aggravated robbery and aggravated assault, class Y and D felonies respectively. Appellant filed a motion to transfer his case to the juvenile division of circuit court on the basis that he was seventeen years old at the time of the alleged offenses. The circuit court denied *919 the motion, and a timely notice of appeal followed. Appellant argues that the circuit court's denial of his motion to transfer is clearly erroneous. We disagree and affirm.
The factual issues, as appellant points out in his brief, are not in dispute. On December 20, 2017, appellant went to the home of the victim, Annie Mae Briggs, intending to get money from her in a robbery. At the hearing on April 26, 2018, Jeff Black, chief of police in Stamps, testified that he investigated the incident. He stated that Ms. Briggs is a seventy-four-year-old woman who is severely diabetic, an amputee, and in a wheelchair. She sells snacks, candy, and drinks out of her home and has done so for the past forty to fifty years. Ms. Briggs wears a money bag tied around her waist because she is in a wheelchair. She told Chief Black that some juveniles came to her home that evening, and one purchased chips. All the juveniles left except appellant, who stayed in the house and asked Ms. Briggs if she had change. Appellant then grabbed the money bag to try to rip it loose, and when it did not come loose, he began to cut the bag off with a knife.[1] As a result, Ms. Briggs's hand was cut, requiring stitches from "the tip of her [pinky] finger back down to nearly her wrist."
Chief Black testified that appellant was cooperative when he and his father came to Chief Black's office after being contacted. Appellant was informed of his Miranda rights, and he signed the rights form along with his father. Appellant admitted having been at the residence and taking $41 from the victim, but he denied any cutting. When asked if there was any indication from appellant's statement that it was a planned event, Chief Black testified as follows:
I took that it was a plan because [appellant] mentioned that he was not happy being there in Stamps. He had been sent up there from, I believe, the Dallas area, possibly by his mom. I'm not real sure about that. But [appellant] was wanting to get enough money to get a bus ride and go back to the Dallas area.
Chief Black was not aware of anything on appellant's record.
Appellant's mother, Cynthia Moore, testified that appellant had been living in Stamps for six months to a year at the time of the incident. She stated that there was no particular reason she sent appellant to live with his father. She stated that appellant had not been in any criminal trouble and only had "regular trouble" at school, such as "detention or things of that nature." There had been no suspensions or expulsions. When asked if she knew why appellant wanted to be back in Dallas, Moore guessed he missed his family as most of his family is in Dallas.
Following the hearing, the circuit court entered a May 3, 2018 order denying the motion to transfer.
In juvenile-transfer proceedings, the court shall order the case transferred to another division of circuit court only upon a finding by clear and convincing evidence that the case should be transferred. Ark. Code Ann. § 9-27-318(h)(2) (Repl. 2015). The movant bears the burden of proving the necessity of transfer from the criminal to the juvenile division of circuit court. Sharp v. State , 2018 Ark. App. 255, at 8, 548 S.W.3d 846, 851. Clear and convincing evidence is proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. Id.
*920 Pursuant to Arkansas Code Annotated section 9-27-318(g), the circuit court must consider the following ten factors at the transfer hearing:
(1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;
(2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;
(3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;
(4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;
(5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;
(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;
(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;
(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;
(9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and
(10) Any other factors deemed relevant by the judge.
Ark. Code Ann. § 9-27-318(g) (Repl. 2015). The circuit court shall make written findings on all the factors set forth above. Ark. Code Ann. § 9-27-318(h)(1). However, there is no requirement that proof be introduced against the juvenile on each factor, and the circuit court is not obligated to give equal weight to each of these factors in determining whether a case should be transferred. Kiser v. State , 2016 Ark. App. 198, 487 S.W.3d 374. The denial of a motion to transfer will not be reversed on appeal unless it is clearly erroneous. Nichols v. State , 2015 Ark. App. 397, 466 S.W.3d 431. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. Id.
In this case, the circuit court made findings regarding each factor listed in section 9-27-318(g). The order denying the transfer provided in part:
This Court finds that the acts alleged were committed in an aggressive, violent, premeditated and willful manner and that the seriousness of the offense requires that jurisdiction remain in the criminal division of the circuit court. The Court has especially considered the evidence that the violence was inflicted upon a person unable to defend herself and given it greater weight in its determination. The Court believes that the Defendant followed a well thought out plan to commit the robbery to get money to return to Dallas, Texas and he was the only participant. The Court finds that the allegations of the state strongly indicate that the protection of society requires the prosecution of this offense in criminal division of circuit court and especially the callous nature of the crime. The Court believes that factors (1), (2), (3) and (4) have been established that this case should remain in the jurisdiction of the criminal division of the *921 circuit court and to deny a transfer to juvenile court.
Recognizing that our supreme court has repeatedly stated that a juvenile may be tried as an adult solely because of the serious and violent nature of the offense, see, e.g. , C.B. v. State , 2012 Ark. 220, 406 S.W.3d 796, the court reasoned:
The facts in this case show that the defendant not only committed Aggravated Robbery, a class Y felony, he did so with extreme indifference to the value of human life as evidenced by the Aggravated Assault allegation and testimony supporting that allegation. As stated above, the use of the weapon against an elderly disabled woman could have resulted in death or more serious physical injury. The Court believes that the countervailing factors show by clear and convincing evidence that the case should be retained in the criminal division of the circuit court.
For reversal, appellant alleges deficiencies in the circuit court's consideration of the factors. First, although appellant acknowledges the seriousness of the offense, he contends that "there was no evidence to support a conclusion that society needed to be protected from Appellant beyond which Juvenile Court could handle." However, as set out in the order quoted above, the circuit court found that the allegations of the State and "especially the callous nature of the crime" required prosecution in the criminal division.
Next, appellant argues that although the second factor appears to go against appellant, "as attempting to pull a money bag from someone's waist would qualify as aggressive and willful," the proof below "was that the knife was not used as a weapon as much as it was a cutting tool." The circuit court was required to consider whether the offense was committed in an aggressive or willful manner. See Ark. Code Ann. § 9-27-318(g)(2). Appellant concedes that he had a knife. In his attempt to cut the money bag loose, he cut Ms. Briggs to the extent she needed stitches. This supports the court's finding that appellant committed the offense in an aggressive and willful manner. Appellant recognizes that the third factor was established because the offense was against a person.
Appellant argues that the evidence of the fourth factor was divided. While recognizing that he was culpable and acting alone, appellant argues that the description of the crime did not indicate any level of planning. Appellant contends that the testimony at the hearing did not support the conclusion that he "followed a well thought out plan to get the money to return to Dallas," but instead indicates little planning. Contrary to appellant's contention, Chief Black testified that he thought appellant had a plan because he was unhappy in Stamps and wanted to get enough money to buy a bus ticket to Dallas. Thus, there was evidence to support the circuit court's conclusion.
Appellant argues that the fifth factor weighs in his favor because there was no evidence of prior offenses. On the sixth factor, the court found that appellant's statement to the officers and the statements of his mother "show that he does not lack maturity or sophistication commensurate with his age." While the court acknowledged there was no testimony about any "detrimental behavior at home environment, his emotional attitude or pattern of living prior to the crime or unusual behavior at school either in Stamps or Dallas," appellant takes issue with the circuit court's statement that it thought there was a reason appellant was sent from Dallas to Stamps and that appellant's mother was withholding information regarding his behavior and previous trouble. This was a matter of credibility, which is an issue for the fact-finder. R.M.W. v. State , 375 Ark. 1, 289 S.W.3d 46 (2008). On *922 appeal, we have no means to assess witness credibility and may not act as the finder of fact. Id.
Appellant recognizes there was no testimony on the seventh factor but contends that the circuit court erred in "its calculation of how long Appellant would receive rehabilitative services." As the State notes, appellant mischaracterizes the court's order. Here, the circuit court's order provided that appellant would be eighteen years old in approximately six months and that from past experience, the court "did not believe there [would be] sufficient time for any rehabilitation to be effective" if the case were transferred. The circuit court expressly noted that with no evidence presented on the issue, it could not give any weight to this factor for either party. As for the eighth factor, appellant states that it weighs in his favor because he acted alone. Finally, appellant notes that there were no records presented on the ninth factor pertaining to written reports and other materials relating to his mental, physical, educational, and social history, and no other factors were considered.
While appellant's individual arguments are discussed above, what appellant asks is for this court to reweigh the factors considered by the circuit court. As the moving party, appellant had the burden of proving by clear and convincing evidence that the case should be transferred to the juvenile division of circuit court. Magana-Galdamez v. State , 104 Ark. App. 280, 291 S.W.3d 203 (2009). Here, the circuit court heard the evidence, weighed it, reached its decision, and enumerated its conclusions in a written order. The circuit court properly considered the evidence on the factors as required by the statute, and it was free to use its discretion in the weight afforded to each factor. Austin v. State , 2017 Ark. App. 114, at 4-5, 515 S.W.3d 633, 636. The circuit court is not required to give equal weight to each of the statutory factors; it can rely on any of the factors as long as it considered and made written findings with regard to all the factors. Id. As set out previously, the circuit court placed most weight on factors (1), (2), (3), and (4) in denying the motion to transfer to juvenile court. After reviewing the evidence, we are not left with a firm and definite conviction that the circuit court made a mistake in denying appellant's motion to transfer the case to the juvenile division of circuit court. Accordingly, we affirm.
Affirmed.
Glover and Murphy, JJ., agree.

While the testimony did not indicate the cutting was done with a knife, based on appellant's own arguments, he indicates a knife was used.