RITA W. GRUBER, Chief Judge
This is an appeal from an interlocutory order entered by the Pulaski County Circuit Court denying Mel Deshun Jones, Jr.'s, motions to transfer three cases to the juvenile division of circuit court. All three cases involved charges of theft of property, two of the three cases involved aggravated robbery, and one case involved robbery. At the time of the alleged offenses in each of the three cases, appellant was seventeen years old. He was eighteen years old when he filed the motions to transfer and the *369 court entered its order denying the motions. Appellant argues on appeal that the circuit court's order denying his motions was clearly erroneous because it failed to give greater weight to one of his witnesses regarding his mental, physical, and social history. We find no clear error and affirm.
Under Arkansas law, a prosecuting attorney has discretion to charge a juvenile sixteen years of age or older in the criminal division of circuit court if the juvenile has engaged in conduct that, if committed by an adult, would be a felony. Ark. Code Ann. § 9-27-318(c)(1) (Repl. 2015). A defendant charged in the criminal division may file a motion to transfer to the juvenile division, and the court in which the criminal charges have been filed must conduct a hearing to determine whether to transfer the case. Ark. Code Ann. § 9-27-318(e). The moving party bears the burden of proving that the case should be transferred to the juvenile division of circuit court. Austin v. State , 2017 Ark. App. 114, at 3, 515 S.W.3d 633, 635. The circuit court shall order the case transferred to another division only upon a finding by clear and convincing evidence that the case should be transferred. Ark. Code Ann. § 9-27-318(h)(2). Clear and convincing evidence is that degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. Vasquez-Sanchez v. State , 2017 Ark. App. 673, at 8, 536 S.W.3d 628, 633. We will not reverse a circuit court's determination of whether to transfer a case unless the decision is clearly erroneous. Id.
At a juvenile-transfer hearing, the circuit court is required to consider all the following factors:
(1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;
(2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;
(3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;
(4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;
(5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;
(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;
(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;
(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;
(9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and
(10) Any other factors deemed relevant by the judge.
Ark. Code Ann. § 9-27-318(g). Pursuant to Arkansas Code Annotated section 9-27-318(h)(1), a circuit court shall make written findings on all the factors set forth above. However, there is no requirement that proof be introduced against the juvenile on each factor, and the circuit court is not *370 obligated to give equal weight to each of these factors in determining whether a case should be transferred. Kiser v. State , 2016 Ark. App. 198, at 3, 487 S.W.3d 374, 377.
Although appellant challenges only one of the factors found by the court-factor (9) regarding information relating to his mental, physical, educational, and social history-we turn to all the evidence presented at the court's hearing on the motions to transfer. Two detectives testified about the facts in two of the cases. Investigator Michael Bryant of the Pulaski County Sheriff's Office testified that one of the victims, Ramos Rodriguez, had met a woman, Tonishell Hamilton, on Facebook and had agreed to pick her up at the Chenal Ridge Apartments on July 18, 2017. When Rodriguez arrived at the apartment complex, he was approached by three black males who pulled him from his vehicle and beat him up. Investigator Bryant obtained warrants for two of the suspects, one of whom implicated appellant. Appellant later admitted his involvement, including taking the victim's car and driving off.
In another case, Det. Gary Jones of the North Little Rock Police Department testified that he was in charge of investigating an aggravated robbery that had occurred on August 10, 2017, in North Little Rock. The victim, Alejandro Morales, told officers that he was picking up Tonishell Hamilton, a woman he had met on Facebook, to bring her to his house. After he picked her up, he stopped his car to allow another female and a male to get into the back seat of his Jeep. He later identified the male as appellant. Mr. Morales told Detective Jones that a different male walked up when he picked up the others but did not get into the Jeep. After driving to a convenience store at which appellant bought a pack of cigarettes, Mr. Morales proceeded to another address where appellant put a knife to Mr. Morales's neck; got him out of the vehicle; stole his wallet, iPhone, and Jeep; and drove off in the Jeep with Tonishell and the other female. When confronted by Detective Jones later, appellant admitted being in the Jeep and buying cigarettes at the convenience store, but he denied holding a knife to Mr. Morales's neck or taking the Jeep. He said that he saw a guy named "Jeremy" drive by in the Jeep several minutes after appellant had been dropped off.
Appellant's father, Mel Jones, Sr., testified that he was in high school when appellant was born and that appellant's grandmother had raised appellant. He testified that appellant's mother had been incarcerated for most of appellant's life and had been murdered by her uncle on Easter several years earlier. He said that appellant had never been arrested before the incidents in these cases and had no gang involvement that he was aware of. He said that his mother's murder hit appellant "real hard" and he had gone to counseling to work through it. Mr. Jones said that he wanted appellant to finish high school, and he would make sure appellant would keep any counseling appointments set for him.
Emily Whitley, a clinical therapist with Youth Home, testified that appellant had been referred to her by his primary-care physician at Arkansas Children's Hospital for trauma-focused therapy after his mother died in March 2016. Appellant had been diagnosed with posttraumatic stress disorder and dysregulated-mood disruptive disorder. Ms. Whitley testified that she treated appellant from August through November 2016 and then again in June 2017 and that he was on medication during the time she saw him. She testified that appellant had completed half of the treatment and could benefit from more therapy if he was willing to continue. She *371 said he was "immature" and that trauma affects the frontal lobe of the brain, which she testified is not developed in males until the age of twenty-six. During her testimony, the court asked her whether continued therapy would need to be in the juvenile system or in the adult system. She said she thought it would be better in the juvenile system because for therapy to be most effective, the environment matters. Upon specific questioning by the court, she said she "was not sure" why it would be better for appellant to be in the juvenile system rather than in the adult system, but she thought it was better because of the services he might receive in the juvenile system. No one testified about what services were offered in either the juvenile or the adult system.
Appellant's grandmother, Wanda Jones, testified that she adopted appellant when he was one year old. She said that his mother "had a lot of problems" with the law and was often incarcerated and unable to visit appellant. She testified that appellant had been no trouble, had made good grades, and had never been arrested before his mother was murdered. Ms. Jones said that everything "went bad" after the mother's death. She said that she had gone with appellant to his therapy sessions after his mother died. She also said that at the time of the incidents in July and August 2017, appellant had been living with his cousin. Finally, she thought appellant needed to mature some more.
The court denied appellant's motions to transfer his three cases to the juvenile division of circuit court, entered an order stating that it had considered all the factors listed in Ark. Code Ann. § 9-27-318, and made the following written findings:
1. The underlying offenses are serious offenses. 60CR-17-3503: Aggravated Robbery (FY), Theft of Property (FB); 60CR-17-3563: Aggravated Robbery (FY), Theft of Property (FB); and 60CR-17-4233: Robbery (FB), Theft of Property (FB).
2. The alleged offenses were committed in a violent manner.
3. The alleged offenses were committed against a person.
4. The Defendant had no criminal record as a juvenile.
5. The Defendant is not very mature.
6. While there are services available to the Defendant in juvenile court, those services are limited now that the Defendant is 18 years old.
7. The Defendant committed these offenses as part of a group.
8. The Defendant could benefit from continued therapy.
9. Evidence relating to the juvenile's mental, physical, educational, and social history was considered by the Court.
On appeal, appellant argues that the circuit court clearly erred in failing to give greater weight to the testimony from Ms. Whitley concerning his mental, physical, and social history. He also points to the court's written finding that "[e]vidence relating to the juvenile's mental, physical, educational, and social history was considered by the Court" and argues that these statements prove, at most, that the court considered Ms. Whitley's testimony but claims that they do not constitute findings.
We recognize that appellant's point on appeal is that the circuit court clearly erred in denying his motion to transfer because it failed to give greater weight to Ms. Whitley's testimony. However, we note that, to the extent he is arguing that the court did not make a written finding complying with the statute, this argument is not preserved for appeal. J.A.C. v. State , 2013 Ark. App. 513, 2013 WL 5272951 (affirming juvenile-transfer order because statutory-noncompliance argument was not raised below). We turn to appellant's argument that the court clearly erred and *372 failed to give the proper weight to Ms. Whitley's testimony. First, the circuit court is not required to give equal weight to each of the factors but may use its discretion in the weight afforded to each factor. Vasquez-Sanchez , 2017 Ark. App. 673, at 11, 536 S.W.3d at 634 ; see also Magana-Galdamez v. State , 104 Ark. App. 280, 287, 291 S.W.3d 203, 208 (2009). Moreover, the circuit court did consider and make written findings on each factor. Indeed, it clearly considered Ms. Whitley's testimony and specifically found in paragraph 8 of its order that the defendant "could benefit from continued therapy." Finally, during counsel's examination of Ms. Whitley, the circuit court asked her specific questions about her opinion regarding the propriety of the juvenile versus the adult division of circuit court. At the end of the hearing, the circuit court made the following statement:
And I take very seriously the testimony from his therapist, that he could receive services, he should receive services in juvenile court, but I think had it not been for the three, had this maybe been one, the Court would have considered transferring to juvenile, EJJ, but I'm going to deny the motion.
The circuit court considered all of the evidence appellant introduced in support of his motion to transfer, including the testimony of Ms. Whitley; it simply weighed the evidence differently than appellant desired. Having reviewed the entire evidence, we cannot say with firm conviction that a mistake has been committed. Thus, we hold that the circuit court did not clearly err in denying the motion to transfer.
Affirmed.
Hixson and Brown, JJ., agree.